Wyatt Johnson
ANGSTMAN JOHNSON
3649 Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile: (208) 853-0117
Johnson ISB: 5858

Attorney for the Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>Defendant. | Case No.: 1:12-CV-559-EJL<br><br>AFFIDAVIT OF COUNSEL RE: DISCOVERY |

State of Idaho )
ss.
County of Ada)

Wyatt Johnson, having been first duly sworn upon oath, deposes and says as follows:

1. I am of sufficient age and competence to give testimony before this Court. I make the following statements based upon my own personal knowledge.

2. I am counsel of record for Plaintiffs in the above entitled matter.

3. On December 4, 2012, my office made the request to the Idaho Department of Corrections ("IDOC") for public records pertaining to Defendant Corrections Corporation of America ("CCA") and matters relevant to the facts alleged in the complaint in this matter (Doc. 1). A true and correct copy of that request is attached as **Exhibit 1**.

4. On December 18, 2012, IDOC refused to produce any responsive public records, using this lawsuit as a justification. *See* **Exhibit 2.** IDOC directed us to seek the relevant information in discovery.

5. As required by the Litigation Plan (Doc. 7), the parties were to file a litigation plan form on or before January 24, 2013.

6. The parties initially attempted to confer regarding the litigation schedule, pursuant to Local Rule 16.1. The parties disagreed on the deadline for amendments of pleadings. On January 24, 2013, the proposed litigation plan contained both CCA's request for an immediate amendment deadline (April 12, 2013) and the Plaintiffs' request for a deadline in October of 2013. (Doc. 15.) Plaintiffs' requested amendment deadline anticipated difficult discovery from CCA.

7. As required by the Litigation Plan (Doc. 7) and Federal Rule of Civil Procedure 26 and Local Rule 16.1, the parties' initial disclosures in this case were due on January 31, 2013.

8. At the initial scheduling conference, the parties were unable to address all planning issues required by the rules. Therefore, in an effort to discuss planning regarding (1) initial disclosures, (2) the number and length of upcoming depositions, (3) electronic discovery, (4) availability of a voluntary case management conference, and (5) a discovery plan, I prepared and sent the letter attached as **Exhibit 3** on January 22, 2013 to counsel for CCA. Of particular significance is the fact that I took the time to specifically outline the documents and records that CCA would obviously be using in support of its defenses. This letter was an attempt to clarify the scope of issues and facilitate the initial disclosures required by Rule 26. CCA never responded.

9. On February 4, 2013, I received CCA's initial disclosures. (*See* **Exhibit 4.**) The disclosures refuse to make available any documents, electronically stored information, or insurance information, until there is entry of a "Protective Order."

10. In light of CCA's omissions in the initial disclosures, and in an effort to resolve the matter, informally, I prepared and sent the emails attached as **Exhibit 5** and **Exhibit 6** to counsel for CCA. I asked for immediate access to all documents that were not legitimately confidential, I specified the failure to identify documents within the scope of the initial disclosures, and requests supplementation.

11. On February 7, 2013, CCA proposed a voluntarily protective order as a precondition of providing any discovery. (*See* **Exhibit 7**.)

12. The proposed protective order, however, was unreasonable in scope and sought to unreasonably and unfairly shift the burden of identifying and protecting confidential material from CCA to the Plaintiffs. In particular, the proposed order sought to limit use of "potentially" confidential information, without requiring an actual

designation by CCA. CCA sought to impose "confidential" status upon documents that are, otherwise, already public record. The terms sought to require plaintiffs to disclose their own work product and strategy to CCA as a condition of using information produced in discovery. The proposed terms also sought to prevent the use of any information in support of any other claims. The preconditions on discovery are unwarranted and unjustifiable. I explained this, in writing, along with my proposed solution. (*See* **Exhibit 8**.) CCA has not responded to my email, or made any further effort to produce information or legitimately identify what actual confidential information it may have.

13. On February 8, 2013, CCA first moved to stay discovery in this matter. (Doc. 20.)

14. On February 20, 2013 I served a subpoena upon IDOC specifying certain public documents and records pertaining to CCA and the claims at issue in this matter for it to produce. (Attached as **Exhibit 9** is a true and correct copy of the subpoena.)

15. On February 25, 2013, Kirt Naylor, *counsel for CCA*, wrote arguing that the subpoena to IDOC was "improper" because of the pending motion to stay discovery. It further stated that "Defendants" would not be responding to our discovery. IDOC is not a defendant in this action. However the Mr. Naylor's letter appears to suggest he is speaking on behalf of both CCA and the non-party, IDOC. (Attached as **Exhibit 10** is a true and correct copy of Mr. Naylor's letter.)

16. On February 27, 2013, counsel for IDOC wrote to say it would not be responding to our subpoena based, in part, upon Mr. Naylor's opinion that the subpoena

was "improper" in light of the pending motion to stay discovery. (IDOC's letter is attached as **Exhibit 11**.)

17. IDOC raised a number of non-specific objections to the subpoena. I responded by email (a true and correct copy is attached as **Exhibit 12**) and attempted to informally resolve the dispute and obtain the requested materials.

18. IDOC responded with a request for further meeting. As of the date of this affidavit, we are still attempting to informally resolve the pending discovery dispute with IDOC.

19. On February 20, 2013, Plaintiffs served their first set of interrogatories and requests for production upon CCA. (A true and correct copy of the written discovery is attached as **Exhibit 13**.) Responses are due on or before the date of this affidavit, Monday, March 25, 2013.

20. As of the date of this affidavit, CCA has provided no response, or specific objection. However, in light of Mr. Naylor's February 25, 2013 letter stating "Defendants will not respond to discovery propounded by Plaintiffs . . ." I currently anticipate that CCA will not respond to the pending discovery requests.

FURTHER YOUR AFFIANT SAITH NAUGHT.

/s/ Wyatt Johnson
Wyatt Johnson

SUBSCRIBED AND AFFIRMED before me this 25th day of March, 2013.

/s/ Kevin Gilbert
Notary Public
Commission Expires: July 10, 2014

DATED this 25th day of March, 2013.

/s/ Wyatt Johnson
WYATT JOHNSON
Attorney for the Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kirtlan G Naylor** kirt@naylorhales.com, dlr@naylorhales.com, skh@naylorhales.com, sri@naylorhales.com

**Nikki R. Smith**, Attorneys for Plaintiffs
nikkismithlaw@gmail.com

**Daniel P. Struck and Tara B. Zoellner**, Attorneys for Defendant
dstruck@swlfirm.com; tzoellner@swlfirm.com

/s/
Wyatt Johnson