Wyatt Johnson
ANGSTMAN JOHNSON
3649 Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Johnson ISB: 5858

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, Inc.<br><br>　　　　Defendant. | Case No.: 1:12-CV-559-EJL<br><br>AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER |

STATE OF IDAHO    )
　　　　　　　　　　　ss.
County of Ada　　　 )

　　　WYATT JOHNSON, having been first duly sworn upon oath, deposes and says as

follows:

AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER – PAGE 1
A◆J; Matter: 8591-003

1.    I am counsel of record for Plaintiffs in the above entitled matter.  I am of sufficient age and competence to give testimony before this Court. I make the following statements based upon my own personal knowledge.

2.    9.    On February 4, 2013, I received CCA's initial disclosures. (*See* **Exhibit 1.**)    The disclosures refuse to make available any documents, electronically stored information, or insurance information, until there is entry of a "Protective Order."

3.    In light of CCA's omissions in the initial disclosures, and in an effort to resolve the matter, informally, I emailed CCA and asked for immediate access to all documents that were not legitimately confidential. When CCA insisted on a protective order, we responded that we would consider a reasonable order, but not one with sweeping and overbroad terms.    **Exhibit 2** and **Exhibit 3** are true and correct copies of these emails.

4.    On February 7, 2013, CCA proposed a voluntarily protective order as a precondition of providing any discovery. (*See* **Exhibit 4**.)

5.    The proposed protective order, however, was unreasonable in scope and sought to unreasonably and unfairly shift the burden of identifying and protecting confidential material from CCA to the Plaintiffs. In particular, the proposed order sought to limit use of "potentially" confidential information, without requiring an actual designation by CCA. CCA sought to impose "confidential" status upon documents that are, otherwise, already public record.  The terms sought to require plaintiffs to disclose their own work product and strategy to CCA as a condition of using information produced in discovery.  The proposed terms also sought to prevent the use of any information in support of any other claims.  The preconditions on discovery are

AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER – PAGE 2
A◆J; Matter: 8591-003

unwarranted and unjustifiable.  I explained this, in writing, along with my proposed solution.  (A true and correct copy of my response is attached as **Exhibit 5**).

6.      Attached as **Exhibit 6** is a true and correct copy of an email chain between myself and Tara Zoellner (counsel for CCA), dated May 6 - 8, 2013.  The email chain discusses the possibility of using the protective order entered by stipulation in the *Riggs* and *Kelly* cases.

7.      I have spoken to Stephen Pevar, the attorney for the American Civil Liberties Union who was involved with the *Riggs* and *Kelly* cases about the protective order. He recalls that after the entry of the protective order, CCA produced approximately ten thousand (10,000) pages of documents. He believes were all documents designated as "confidential" despite the fact that many did not appear to be so.

8.      The Declaration of Warden Wengler (Dkt. 46-4), filed with the Court on May 9, 2013, is the first statement I have received from CCA with any reasonable amount of detail as to what it actually seeks to protect.  Despite my requests, it did not give me this information before seeking the second motion for protective order on May 9.

9.      Notwithstanding the position of Warden Wengler, it does not appear that all information regarding security procedures is, in fact, confidential.   Attached as **Exhibit 7,** is the copy of the Idaho Department of Correction Standard Operating Procedure for searches of cells and offenders. Attached as **Exhibit 8** is the copy (in the redacted version that appears on line) of the Idaho Department of Correction Standard Operating Procedure for security threat group management. Both of these documents were obtained, on line, at www.IDOC.Idaho.gov under the "Policies and Forms" tab.

AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER – PAGE 3
A◆J; Matter: 8591-003

10.    On September 11, 2012, my office prepared and sent to the Idaho Department of Corrections the public record request attached as **Exhibit 9.**  In response, the Department of corrections provided the report and investigative materials attached as **Exhibit 10.**  The Department of corrections also provided video footage of the May 5, 2012 attack.

Further your affiant sayeth naught.

DATED this 3rd day of June, 2013.


_____/s/_____
Wyatt Johnson


SUBSCRIBED AND SWORN to before me this 3rd day of June, 2013.


_____/s/_____Kyle Tilton_____
Notary Public
Commission Expires:  _____12/14/2016_____


DATED this 3rd day of June, 2013.


_____/s/_____
WYATT JOHNSON
Attorney for the Plaintiffs


AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER – PAGE 4
A◆J; Matter: 8591-003

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of June, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kirtlan G Naylor**    kirt@naylorhales.com, dlr@naylorhales.com, skh@naylorhales.com

**Nikki R. Smith**, Attorneys for Plaintiffs
nikkismithlaw@gmail.com

**Daniel P. Struck and Tara B. Zoellner**, Attorneys for Defendant
dstruck@swlfirm.com; tzoellner@swlfirm.com

_____/s/_____
Wyatt Johnson

AFFIDAVIT OF WYATT JOHNSON IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER – PAGE 5
A◆J; Matter: 8591-003