Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, Idaho 83501
208-746-9947
208-746-5886 (fax)
CharlesABrown@cableone.net
ISB No. 2129
Attorney for proposed Intervenor
The Media Coalition

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT, | ) ) ) ) ) ) | Case No. 1:12-cv-00559-EJL |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **REPLY TO OPPOSITION [DKT 63] TO MEDIA COALITION'S MOTION TO INTERVENE [DKT 60]** |
| CORRECTIONS CORPORATION OF AMERICA, Inc. | ) ) ) | |
| Defendant. | ) | |

COME NOW *THE ASSOCIATED PRESS*; IDAHO STATESMAN PUBLISHING, LLC (*The Idaho Statesman*); COWLES PUBLISHING COMPANY (*The Spokesman-Review*); THE POST COMPANY (*The Post Register*, *Challis Messenger*, *Shelley Pioneer*, and *Jefferson Star*); TPC HOLDINGS, INC. (*The Lewiston Tribune* and *Moscow-Pullman Daily News*); LEE PUBLICATIONS, INC. (*The Times-News* (Twin Falls)); PIONEER NEWSPAPERS, INC. (The

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 1

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

Pioneer Newspaper Group); IDAHO PRESS-TRIBUNE LLC (*Idaho-Press Tribune* (Nampa)); IDAHO PRESS CLUB, INC.; THE HAGADONE CORPORATION (*The Coeur d'Alene Press* and *The Bonner County Daily Bee*); THE NEWSPAPER ASSOCIATION OF IDAHO, INC., and KBOI-TV (collectively referred to herein as the "Media Coalition") the proposed Intervenor herein, by and through their attorney of record, Charles A. Brown, and hereby file this reply to defendant's opposition to their Motion to Intervene for the Limited Purpose of Opposing Defendant's Motion for a Protective Order (Dkt 46) as follows:

## DISCUSSION

The defendant CCA is mischaracterizing the Intervenor's request in this matter. The Intervenor is not seeking access to "all" discovery between the parties in this matter. The spirit and intent of the proposed order declares all discovery materials "confidential" and also requires that any discovery materials attached to pleadings and motions, whether dispositive or nondispositive, be filed under seal. The proposed order flies directly in the face of well-settled Ninth Circuit case law that actually requires a factual finding by this Court prior to allowing the sealing of such motions and pleadings, and the test which would be applied by this Court is quite rigorous and detailed. Said proposed order also circumvents Dist. Idaho Loc. Civ. R. 5.3.

What is privately stipulated to as between the parties in regard to discovery materials is a totally separate issue, but CCA in this matter is asking for the power of this Court to enter an order that would be imposed not only upon the other party, but would also impact the access to judicial proceedings in a manner that would be violative of the First Amendment, common law, well-settled Ninth Circuit case law, and even the District of Idaho Local Civil Rules.

The breadth of the proposed protective order is particularly disturbing. It states:

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 2

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

>  3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. . . .

*See* Dkt. 46-6, p. 4.   Thus, the party producing the information is now placed in the position of making the designation as to what is or is not "confidential information" and then the other party and, by default, this Court are burdened with that designation.  The same is also true in regard to depositions wherein either party has the discretion to determine what information is "confidential information" and thereafter both parties are then required to file such material under seal.  *Id.* at p. 4.

The fundamental difference is that the Ninth Circuit case law makes a presumption that any and all pleadings, and attachments thereto, are presumptively open to the public for inspection.  As a matter of fact, the court even makes the presumption that discovery materials are open to the public and that the gatekeeper in this regard as to what is or is not to be placed under seal is the above-entitled Court after having applied rigorous testing standards, as opposed to the mere discretion of either of the parties.

Additionally, the proposed Protective Agreement and Order reads, in part, as follows:

>  1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means **any document or tangible thing**, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or confidential personal information, . . . .
>
>  2. By way of example, **the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter" interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 3

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

> **diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.**

*See* Dkt. 46-6, pp. 2-3.  (Emphasis added.)

As set forth previously in the Intervenor's memorandum in support of its motion [Dkt. 60-1], the case law and Federal Rule of Civil Procedure 26 contemplate that a party must meet a high scrutiny for a document to be filed under seal and thus be protected in regard to pleadings and dispositive motions and have "good cause" as to nondispositive motions, and the "blanket" proposed protective order does not meet such criteria.

## I.   RESPONSE TO CCA'S PROPOSITION THAT THE MEDIA COALITION LACKS STANDING TO INTERVENE FOR PURPOSES OF CONTESTING CCA'S PROPOSED PROTECTIVE ORDER.

The Intervenor does not lack standing to intervene.  The United States Constitution and case law deem otherwise.

"**[T]he public and media enjoy a qualified right of access to judicial records**. Having such a protected interest, Media Intervenors are entitled to **"notice and an opportunity to be heard at a meaningful time, and in a meaningful manner" before they can be deprived of that interest**."  *United States v. Kushner*, 349 F. Supp. 2d 892, 896 (D.N.J. 2005) citing *United States v. Antar,* 38 F.3d 1348, 1361 n. 18 (3d Cir.1994); *see also United States v. Raffoul,* 826 F.2d 218, 224 (3d Cir.1987).  (Emphasis added.)

The court in *Kushner* further stated:  "The process 'due' Media Intervenors must therefore be afforded imminently, before the information grows "increasingly stale." *Antar,* 38 F.3d at 1361.  Accordingly, because Media Intervenors **enjoy a qualified right of access to public records**, **and**

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 4

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

**the value of those records to civic discourse will soon erode**, their motion to intervene is GRANTED." *Id.* at 896. (Emphasis added.)

## II. RESPONSE TO CCA'S PROPOSITION THAT THE MEDIA COALITION IS NOT ENTITLED TO ACCESS DISCOVERY EXCHANGED AMONG PRIVATE PARTIES TO LITIGATION UNDER THE COMMON LAW.

The Motion to Intervene focuses upon the scope and breadth of the proposed order, access to discovery documents in general is not the focus of concern, regardless, CCA's position as to discovery documents in general is not well placed. Common law does allow for access to discovery documents. In the matter of *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206 (9th Cir. 2002) the newspaper intervened in a settled products liability case against truck manufacturer, seeking access to information produced by manufacturer as to total number and aggregate dollar amount of settlements in prior cases involving pickup truck fuel-fed fires. The Ninth Circuit Court of Appeals noted:

> Generally, **the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary**. In *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999), the court said, **"[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public.** Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." See also *In re Agent Orange Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

*Id.* at 1210. (Emphasis added.) The court went on to state:

> After conducting a "good cause" analysis, if the district court were to find a protective order is not appropriate for the confidential settlement information produced to the underlying plaintiffs, then this information could be distributed to the Los Angeles Times. *See San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir.1999). Under this circumstance, the lower court would not need to analyze the common law right of access issue.

>If, however, the court finds "good cause" exists to protect this information, then it must determine whether the Los Angeles Times has a right to Exhibit 8 under the common law right of access, a separate and independent basis for obtaining this information. **Not only can the public generally gain access to unprotected information produced during discovery, but it also has a federal common law right of access to all information filed with the court. This common law right of access to inspect various judicial documents is well settled in the law of the Supreme Court and this circuit**. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102 (9th Cir.1999); *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995). **This common law right "creates a strong presumption in favor of access" to judicial documents which "can be overcome" only by showing "sufficiently important countervailing interests**." *San Jose Mercury News, Inc.,* 187 F.3d at 1102; *see also Hagestad,* 49 F.3d at 1434.
>
>**In deciding whether sufficient countervailing interests exist, the courts will look to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."** *Tragesser,* 49 F.3d at 1434.

*Id.* at 1212-1213.  (Emphasis added.)

### III.    RESPONSE TO CCA'S PROPOSITION THAT THE MEDIA COALITION IS NOT ENTITLED TO ACCESS DISCOVERY EXCHANGED AMONG PRIVATE PARTIES TO LITIGATION UNDER THE FIRST AMENDMENT.

The First Amendment guarantees the public's right to access documents that are filed with this Court.

In general, court records may only be sealed for "compelling reasons."  The defendant herein bears the burden of showing a specific prejudice or harm if the protective order is not granted.  The defendant is requesting this Court enter an order granting a "blanket" protective order.  The defendant cannot request a protective order of this nature without substantiating with specific examples or well articulated reasons for such an broad request. Actually, such a request has to be examined on a document by document basis when the time to file arrives. The public via the media has a right to know what are the "workings of public agencies."

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 6

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

The Ninth Circuit Court gives guidance in regard to the "compelling reasons" standards:

> Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995). A proper analysis is reviewed for abuse of discretion. *Foltz*, 331 F.3d at 1135. An order that fails to articulate its reasoning must be vacated and remanded because "meaningful appellate review is impossible" when the appellate panel has no way of knowing "whether relevant factors were considered and given appropriate weight." *Hagestad*, 49 F.3d at 1434-35 (internal quotation marks omitted).

*Id.* at 679.

Thus, the Ninth Circuit requires that "relevant factors" be considered by a court in applying the "compelling reasons" test, and "given appropriate weight."

Defendant's proposed order is overly broad and is similarly impermissible. For this reason, too, defendant's request for a protective order should be rejected.

In the matter of *Stephens v. Cnty. of Albemarle*, 422 F. Supp. 2d 640 (W.D. Va. 2006), a widow filed a civil rights suit against municipal defendants alleging that terms of municipal defendant's settlement of environmental suit brought by neighbors of landfill silenced neighbors' criticisms and thereby violated her and her husband's First Amendment right to receive speech from them. Widow moved to open sealed settlement agreement in environmental lawsuit and to authorize parties to that settlement agreement to speak. The district court stated therein:

> Generally speaking, the First Amendment right of access applies to a narrower range of materials, yet weighs more heavily in favor of the public's right to obtain those sealed documents. **A court must consider two factors in determining whether a given document under seal is subject to the First Amendment right of access: (1) "whether the place and process have historically been open to the press and general public" and (2) "whether public access plays a significant positive role in the functioning of the particular process in question**." (Citations omitted.) **Where the First Amendment is found to apply, the public's right to access the sealed document can only be denied on the basis of a compelling governmental interest, and only then if the denial is narrowly tailored to serve that interest**. (Citation omitted.)

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 7

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

> **The common law right of public access, on the other hand, presumptively applies to all judicial records and documents.** *Stone v. University of Maryland Medical System Corp.,* 855 F.2d 178 (4th Cir.1988); *Nixon v. Warner Communications,* 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). However, the right of access afforded by the common law is weaker than that of the First Amendment. **Courts considering the common law right of access are to apply a balancing test, weighing the interest in confidentiality against the interest in public access**. *See Nixon,* 435 U.S. at 589, 98 S. Ct. 1306; and *Stone v. University of Maryland Medical System Corp.,* 855 F.2d 178 (4th Cir.1988). If the interests in confidentiality outweigh the interest in public access, the common law presumption in favor of access is rebutted and the document may remain under seal. *Stone,* 855 F.2d at 180. The Fourth Circuit has articulated a number of factors to consider when conducting this balancing test, including whether the records are sought for improper purposes such as promoting public scandals or gaining a business advantage; **whether release would enhance the public's understanding of an important historical event;** and whether the public has already had access to the information contained in the records. *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir.1984).

*Stephens v. Cnty. of Albemarle*, 422 F. Supp. 2d 640, 642-43 (W.D. Va. 2006). (Emphasis added.)

## IV. RESPONSE TO CCA'S PROPOSITION THAT THE PROPOSED PROTECTIVE ORDER PASSES FIRST AMENDMENT SCRUTINY.

The Proposed Protective Order is a "blanket" protective order and does not meet the "good cause" requirement of Federal Rule of Civil Procedure 26(c) and documents may be sealed only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

Following the verdict in an anti-trust action brought against a lumber company by an Indian tribe and others, the plaintiffs moved to unseal all exhibits designated as confidential during trial, and a newspapers sought access to those exhibits. The United States District Court for the District of Oregon found:

> Because the court entered a "stipulated blanket order," it never actually analyzed whether a particular document should have been sealed, nor were the parties ever required to make a showing of "good cause" under Fed.R.Civ.P. 26(c) justifying protection. **Accordingly, the mere fact that an exhibit is presently under seal is**

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 8

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

**of little weight**. *See San Jose Mercury News, Inc. v. U.S. District Court—Northern District (San Jose),* 187 F.3d 1096, 1103 (9th Cir.1999) (blanket protective orders are "inherently subject to challenge and modification"); *Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992).

*Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121

(D. Or. 2003). (Emphasis added.) The court went on to state:

> The party that wants a particular exhibit kept under seal has the burden of justifying that action, especially when there has been no prior individualized judicial determination regarding each exhibit. *See Phillips v. Estates of Byrd,* 307 F.3d 1206, 1210–11 (9th Cir.2002) ("party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted"); *Oregonian Publishing Co. v. United States District Court (Oregon),* 920 F.2d 1462, 1467 (9th Cir.1990).
>
> **Several legal sources bear upon the decision to seal or unseal a document, including Fed.R.Civ.P. 26, the common law right, and the First Amendment**. *San Jose Mercury News,* 187 F.3d at 1101–02; *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309–10 (11th Cir.2001).
>
> . . . .
>
> **Finally, "[u]nder the first amendment, the press and the public have a presumed right of access to court proceedings and documents ... [which] can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values' and is narrowly tailored to serve that interest**." *Oregonian Publishing Co.,* 920 F.2d at 1465 (though that was a criminal case).
>
> The caselaw, for the most part, recognizes a gradient. It is easiest to justify sealing discovery materials obtained via the authority of the court subject to a protective order, and never used at trial, filed with the court, or attached to any pleading or substantive motion. *See Seattle Times v. Rhinehart,* 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).
>
> **Once a document becomes a part of the official record, it is much harder to justify sealing**. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134–36 (9th Cir.2003). This includes exhibits received into evidence, trial transcripts, and materials attached to a dispositive motion. *Id. See also San Jose Mercury News,* 187 F.3d at 1102 (motion for summary judgment); *Phillips,* 307 F.3d at 1212–13; *Chicago Tribune,* 263 F.3d at 1312–13 ("material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right"); *Citizens First National Bank of Princeton,* 178 F.3d 943 (rejecting protective

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 9

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

order that allowed exhibits to remain under seal after they were introduced at trial).

. . . .

A document may be sealed only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434, quoting *Valley Broadcasting,* 798 F.2d at 1293.

> [2]**Although some courts say the right of access to court records is stronger in criminal cases, the Ninth Circuit has not given much weight, if any, to that distinction**. *See San Jose Mercury News,* 187 F.3d at 1102; *Erection Co.,* 900 F.2d at 169 ("**Although it might be argued that civil proceedings present considerations different than those in criminal prosecutions, case authority provides no enlightenment or support for this distinction.** Accordingly, we apply the reasoning set forth in *Valley Broadcasting* "); *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995) (we "start with a strong presumption in favor of access," citing *Valley Broadcasting Co. v. United States Dist. Court,* 798 F.2d 1289 (9th Cir.1986), which involved access to exhibits in a criminal case).

*Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1122-23 (D. Or. 2003). (Emphasis added.)

## CONCLUSION

Based upon the foregoing, the Intervenor's Motion to Intervene for the Limited Purpose of Opposing Defendant's Motion for a Protective Order (Dkt 46) should be granted and the Court should deny the defendant's Motion for Protective Order as set forth as Exhibit 5 [Dkt. 46-6].

RESPECTFULLY SUBMITTED on this 1st day of August, 2013.

/s/   Charles A. Brown
Charles A. Brown
Attorney for Intervenor
The Media Coalition

REPLY TO OPPOSITION [DKT 63] TO MEDIA
COALITION'S MOTION TO INTERVENE [DKT 60] - 10

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 1st day of August, 2013, I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Thomas J. Angstman, Esq. | mindy@angstman.com |
| Wyatt Benton Johnson, Esq. | mindy@angstman.com |
| Attorneys for Plaintiffs | |
| | |
| Nikki Rachelle Smith, Esq. | Nikkismithlaw@gmail.com |
| Attorney for Plaintiffs | |
| | |
| Kirtlan G. Naylor, Esq. | kirt@naylorhales.com |
| James R. Stoll, Esq. | jrs@naylorhales.com |
| Attorneys for Defendant | |
| | |
| Daniel P. Struck, Esq. | dstruck@swlfirm.com |
| Tara B. Zoellner, Esq. | tzoellner@swlfirm.com |
| Pro Hac Vice Attorneys for Defendant | |

                /s/     Charles A. Brown
                Charles A. Brown