UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN KEITH PETERSON, LEON RUSSELL, CHRISTOPHER S. JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, and RAYMOND BRYANT,<br><br>           Plaintiffs,<br><br>     vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>           Defendant. | Case No. 1:12-cv-00559-EJL<br><br>**PROTECTIVE ORDER** |

In accordance with the Memorandum Decision and Order filed on this date, the

Court hereby ENTERS the following PROTECTIVE ORDER.

1.      For purposes of this Protective Order, CONFIDENTIAL INFORMATION

means any document or tangible thing, electronic recording or transcript of

oral testimony whether or not made under oath, and the content of such

document, thing, recording, or transcript, designated by any party as

confidential because it contains proprietary information (trade secret,

proprietary matter, or other confidential research, development, or

commercial information as those terms are used in Federal Rule of Civil

**PROTECTIVE ORDER - 1**

Procedure 26) or confidential personal information, including, but not

limited to Plaintiffs' and other inmates' health care and mental health

information, the institutional file and/or documents, disciplinary related

documents, presentence investigations; documents containing financial,

pricing, or contractual information, including but not limited to portions of

contract(s) between Corrections Corporation of America ("CCA") and the

Idaho Department of Correction ("IDOC") that are not available to inmates

in the ICC law library, policies, procedures, training materials, CCA's

document retention policy, grievance logs, diagrams, maps, video, as well

as confidential information relating to the security of a CCA facility or

IDOC facility, and personal information relating to current or former CCA

employees, or relating to or identifying current or former inmates (other

than Plaintiffs), the disclosure of which might invade those employees' or

inmates' privacy. By way of example, and not limitation, CONFIDENTIAL

INFORMATION may be included in documents, simulations, animations,

portions of documents, computer programs and software, magnetic or

digital discs, electronically recorded tapes of any sort, transcripts,

summaries, notes, abstracts, motions, drawings and any instrument that

comprises, embodies, or summarizes matter that any party considers

confidential. Nothing in this Order or the acceptance of documents under

this Order waives any party's rights to object to the classification of any

**PROTECTIVE ORDER - 2**

information as confidential and to submit the issue by motion to the Court for resolution, **after** the parties have met and conferred in good faith in an attempt to work out the classification dispute between themselves. Nothing in this Order will preclude a party from describing the contents of a video in a pleading or in open Court, or in playing a video in open Court, provided that the opposing party receives prior notice of two business days before the video is played in order to raise any objection with the Court. Moreover, nothing in this Order precludes a party from generally describing or referring to in a pleading or in open Court any policy, procedure, post order, or practice that has been designated "CONFIDENTIAL."

2.     By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intracorporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3.     When producing certain of their files and other information pursuant to agreement, discovery requests, or subpoena (files and information that contain confidential as well as non-confidential material), the producing

**PROTECTIVE ORDER - 3**

party may, at the time of production, designate documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Order. Documents subject to this Protective Order will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 10. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Protective Order.

4.      Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a.      The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b.      The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**

c.      All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 9.

**PROTECTIVE ORDER - 4**

5.     All pleadings that contain CONFIDENTIAL INFORMATION, and all

evidence in support of or in opposition to such pleadings, shall be filed in

the public record in redacted form. An unredacted version will be filed

under seal with the clerk of the court. The party submitting the confidential

information to the Court must also file a motion to seal **each particular**

**piece of information**. After briefing on the motion to seal is complete, the

Court will determine whether the evidence should or should not remain

sealed. The party asking the Court to seal the purportedly confidential

information bears the burden of showing that specific prejudice or harm

will result if no protective order is granted. Pleadings containing

CONFIDENTIAL INFORMATION will be filed in a sealed envelope

prominently marked with the caption of this case, the identity of the party

filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

6.     Unless otherwise provided in this Order or any subsequent Order, access to

CONFIDENTIAL INFORMATION will be restricted to the Court, its

officers, the parties, and to attorneys in this action and their support staff,

including paralegals, legal interns and legal assistants, or testifying or

consulting experts, where production is required by the Federal Rules of

Civil Procedure, or where production is ordered by the Court. The above

**PROTECTIVE ORDER - 5**

disclosures may be made provided that no disclosure shall be made to any

person employed by any competitor of the party producing the

CONFIDENTIAL INFORMATION or to any member of the press except

upon order of the Court. Any attorney, the attorney's support staff, or expert

to whom disclosure is made will be furnished with a copy of the Protective

Order and will be subject to the Order. Any information designated as

CONFIDENTIAL INFORMATION must, when produced to the requesting

party, be accompanied by a specific statement of reasons why the

information has been so designated.

7.     CONFIDENTIAL INFORMATION containing addresses, identifying

information (which does not include last names of Defendant's employees

and former employees), dependent information, or contact information

concerning former or current CCA employees will not be disclosed to

Plaintiffs (excluding counsel and experts), any present or former inmate,

member of the general public, or the press. Moreover, CONFIDENTIAL

INFORMATION containing proprietary policies, protocols, practices or

directives of which the foregoing relate, to security procedures utilized

either by any CCA employee, at any CCA facility, or at any IDOC facility,

will not be disclosed to Plaintiffs (excluding counsel and experts), any other

present or former inmate, member of the general public, or the press.

Defendants will produce the information with the label:

**PROTECTIVE ORDER - 6**

**"CONFIDENTIAL/ATTORNEYS' EYES ONLY."** Confidential

information so labeled shall not be disclosed to Plaintiffs (excluding

counsel and experts), any present or former inmate, the general public, or

the press, and will be handled accordingly at all times barring (1) a written

agreement between the parties to modify or remove the designation or (2) a

court order.

8.      If a party intends to designate portions of a deposition as

"CONFIDENTIAL," that party shall have the right to limit attendance at the

relevant portion of the deposition to the persons set forth in Paragraph 6 of

this Order.

9.      If any party or counsel receiving CONFIDENTIAL INFORMATION is

required by law or court orders to disclose the CONFIDENTIAL

INFORMATION to any person or entity not identified in Paragraph 6, the

name of that person or entity will be furnished to the party who designated

the information as confidential as far in advance of disclosure as is

reasonably possible (ideally, not less than two weeks), so that the

designating party may object and seek further protection as necessary. Once

an objection has been made, there will be no disclosure until the matter is

resolved, unless disclosure is required by law or court order. Any person not

listed in Paragraph 6 who is then entitled to receive CONFIDENTIAL

INFORMATION must be furnished with a copy of the Protective Order.

PROTECTIVE ORDER - 7

10.     Upon completion of this litigation, if Plaintiffs' counsel desires to use

Defendant's CONFIDENTIAL INFORMATION produced pursuant to this

Protective Order in any other lawsuit, Plaintiffs' counsel must first request

permission in writing from the Office of the General Counsel of CCA

and/or Naylor & Hales, P.C. The request must be made in sufficient time

(not less than two weeks) for CCA and/or Naylor & Hales, P.C. to

adequately respond. Similarly, if Defendant desires to use any of Plaintiffs'

CONFIDENTIAL INFORMATION in any other lawsuit, Defendant's

counsel must first request permission in writing from Plaintiffs' counsel. If

permission is given, all terms of this Protective Order will apply to use of

the CONFIDENTIAL INFORMATION in any other lawsuit. If permission

is not given, counsel for the parties agree not to use the CONFIDENTIAL

INFORMATION produced in this litigation in any subsequent litigation

unless required by law or court order.

11.     The parties retain the right to challenge the designation of a particular

document as CONFIDENTIAL INFORMATION. The burden of proof with

respect to the propriety or correctness of the designation of information as

CONFIDENTIAL INFORMATION will rest on the designating party. Any

such challenge will be submitted to the Court by motion, and the Court will

be the final arbiter of whether that particular information is properly

considered confidential and therefore subject to this Protective Order.

**PROTECTIVE ORDER - 8**

12.     Upon completion of the litigation, counsel and their experts shall return, or

by agreement of the parties may provide a Certificate of Destruction, to the

producing party any CONFIDENTIAL INFORMATION produced in this

action, subject to Paragraph 10.

13.     Nothing in this Protective Order precludes Plaintiffs or Defendants from

seeking and obtaining, on an appropriate showing, additional protection

with respect to the confidentiality of documents or other discovery material,

or relief from the Protective Order.

14.     Nothing in this Protective Order precludes any party from later challenging

the scope of this Order should that party deem it necessary to do so.

15.     Each person designated in Paragraph 6, by receiving and reading a copy of

this Protective Order, agrees to abide by its provisions and to see that its

provisions are known and adhered to by those under his or her supervision

or control, and to submit to the jurisdiction of the Court in the event the

Protective Order is violated.

DATED:  **August 6, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**PROTECTIVE ORDER - 9**