TJ Angstman
Wyatt Johnson
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho  83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Angstman ISB: 5738
Johnson ISB: 5858

Nikki Smith
210 12th Ave Road
Nampa, ID 83686
Telephone: (208) 466-1800
Facsimile: (208) 466-1803
Smith ISB: 9030

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>           Plaintiffs,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>           Defendant. | Case No. 1:12-CV-559-EJL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND
SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) – PAGE 1
A◆J; Matter: 8591-003

Plaintiffs, by and through their counsel of record, ANGSTMAN JOHNSON, and submit the following response for reply to the arguments raised by Defendant Corrections Corporation of America, Inc. ("CCA") in response to its pending Motion to Compel and Supplemental Motion to Compel.

## OVERVIEW

Plaintiff's motions seek:

(1) Rule 26(a)(1)(A)(i) disclosure information for CCA employees who are not represented by CCA counsel, or, alternatively, order that mailing of subpoenas to CCA counsel is sufficient service of subpoenas to such employees;

(2)  As a sanction for non-disclosure, to compel CCA to produce its employee, Warden Timothy Wengler, at deposition in Boise, Idaho, at CCA's sole expense; and

(3)  As a sanction for non-disclosure, to compel CCA to cause its former employee, T. Koosman, to attend a deposition in Boise, Idaho, at CCA's sole expense.

After Plaintiff's moved to compel, CCA, in response, offers:

(1) to produce current CCA personnel for deposition (and former employees Wengler, Koosman, and Rodriguez) without necessity of subpoena – *subject to* Plaintiffs being forced to incur half the costs of bringing Wengler and Koosman to Boise, or otherwise utilizing telephonic or videoconference depositions;

(2) to produce discovery responsive request by Plaintiffs directed at CCA that may require the cooperation of CCA's current employees; and

(3) issue a litigation hold on any current and former employees who might possess tangible or intangible items of relevance to this litigation.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND
SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) – PAGE 2
A◆J; Matter: 8591-003

Unfortunately, CCA's response and proposal does not cure the harm their non-disclosures have already caused, do not fully recognize Plaintiffs discovery rights, and should not relieve CCA of any obligation for fees as a consequence of forcing Plaintiffs to bring this motion.

## ARGUMENT

### 1.      CCA's proposal is inadequate.

First, CCA's proposals to produce responsive discovery and issue litigation holds are insignificant because they do nothing more than confirm that they will comply with their existing obligations to respond to discovery and preserve evidence.

The proposal to "make available" employees and former employees, on CCA terms, is problematic for several reasons.

The location of the depositions and costs attributable to the location is significant at least with respect to Warden Wengler and Mr. Koosman. If these are "party" witnesses, then Plaintiffs may designate the location of the depositions. "As a general rule, a party may unilaterally choose the place for deposing an opposing party, subject to granting of a protective order designating a different place." *See e.g. New Medium Technologies, LLC, v. Barco N. V.* 242 F.R.D. 460, 465 (N.D. Ill. 2007). On the other hand, where a witness is "neither a party or a party's officer" the depositions will ordinarily be within 100 miles of that person's residence. *See* F.R.C.P. 45(c)(3)(A)(ii), (B)(iii). If Wengler and Koosman are party witnesses, they are already obligated to appear for depositions in Boise.

Plaintiffs should not be obligated to pay travel costs for the depositions of Wengler or Koosman. Despite the fact that initial disclosures were due in January of 2013, and that both Wengeler and Koosman were residing within the district at that time, CCA failed and refused to provide any contact information that would have allowed plaintiffs to subpoena and depose

Wengler and Koosman before they left the district. Plaintiffs could have avoided this expense if they were given the opportunity to conduct these depositions before Wengler and Koosman moved. In addition, if Wengler and Koosman are not party witnesses, Plaintiffs could have avoided the obligation to travel to their new places of residence in order to conduct their depositions. CCA should bear the additional expense as a result of these moves.

Plaintiffs are entitled to have CCA employees placed under subpoena to compel testimony at deposition, or at trial. If an employee is a "non-party," then Plaintiffs must have the ability to pursue contempt if a witness does not appear or respond to the subpoena. *See* F.R.C.P. 45(e). Without subpoena power, Plaintiffs will have no ability to compel deposition responses or productions, or to have a writ of attachment issued for a witness who does not appear at trial. CCA's proposal to make witnesses available without subpoenas denies Plaintiffs the ability to obtain any meaningful assistance from the Court if the witnesses are non-responsive.

Lastly, CCA's proposal is overbroad. As Plaintiffs have previously argued, every employee of CCA is not a defacto represented party, and CCA is not entitled to claim them as such, in order to avoid discovery. Plaintiffs should have the ability to conduct less costly informal interviews with "non-party" witnesses, despite the fact that they may be employed by CCA. The approach proposed by CCA is akin to the "blanket rule" for designating represented parties (which is more restrictive than I.R.P.C 4.2), which has been recognized as bad policy:

> [T]he Appellate Division's blanket rule closes off avenues of informal discovery of information that may serve both the litigants and the entire justice system by uncovering relevant facts, thus promoting the expeditious resolution of disputes. Foreclosing all direct, informal interviews of employees of the corporate party unnecessarily sacrifices the long-recognized potential value of such sessions. "A lawyer talks to a witness to ascertain what, if any, information the witness may have relevant to his theory of the case, and to explore the witness' knowledge, memory and opinion -- frequently in light of information counsel may have developed from other sources. This is part of an attorney's so-called work product." (International Business Machs. Corp. v. Edelstein, 526 F2d 37, 41

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND
SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) – PAGE 4
A◆J; Matter: 8591-003

> [citing Hickman v Taylor, 329 U.S. 495].) Costly formal depositions that may deter litigants with limited resources, or even somewhat less formal and costly interviews attended by adversary counsel, are no substitute for such off-the-record private efforts to learn and assemble, rather than perpetuate, information.

Niesig v. Team I, 76 N.Y.2d 363, 372 (N.Y. 1990).

As noted in the Plaintiffs' initial motion to compel, "a lawyer who is uncertain whether communication with a representative person is permissible may seek a court order." (I.R.P.C. 4.2, cmt. 6). CCA's counsel has claimed to both, be able to prevent Plaintiffs' access to certain CCA witnesses, while at the same time, denying any responsibility to make such witnesses directly available. Plaintiffs find it necessary to obtain a court order in this case.

Notwithstanding, CCA has no support for its position that any current or former employee, regardless of position, is deemed a represented for purposes of this litigation. As Plaintiffs noted in their initial memorandum, the Ninth Circuit pointed out in *Palmer v. Pioneer and Associates, Limited* 257 F.3d 1999, 1001 (9th Cir. 2001) that the "managing speaking" test is a view adopted by "most courts faced with the question" of the scope of model Rule 4.2. The point was relevant for establishing the point where jurisdictions, such as Idaho, have no other specifically on point case.[1]

For purposes of this motion, CCA has argued that apparently any employee, or former employee, is effectively CCA for purposes of Rule 4.2, because their acts or omissions "may be imputed to the organization for purposes of civil or criminal liability." They have made no showing of what authority they contend any identified employee may have to bind the company. Their current position is remarkably different from the position CCA took in its motion to

---

[1] CCA goes on to make the point that when the question was later certified to the Nevada Supreme Court, the Nevada Supreme Court elected to not adopt the commentary to Rule 4.2 in arriving at its decision on how to address the specific test as applicable to Nevada. That later history, while interesting, does nothing to change the point of the observation that the "managing-speaking" test is the most appropriate test to follow when looking at the scope of Rule 4.2.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND
SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) – PAGE 5
A◆J; Matter: 8591-003

dismiss filed previously in this case. In that case, CCA argued that certain employees, Unit Manager Rodriguez, Assistant Warden Kessler, and Chief of Unit Management Koosman, were not policymakers and could not bind the corporation for purposes of the allegations in this lawsuit. (Doc 19-1, pp. 10, 12, 13-14).[2] CCA's counsel previously refused to accept service of the subpoena for Warden Wengler (while he was still within the District.) CCA's counsel, recently, has even appeared on behalf of Warden Wengler as a "non-party" to oppose a subpoena that was served while he was in the district. (*See,* Doc 75.) To further exacerbate the problem, CCA has not been cooperative in even identifying those individuals who are no longer employed by CCA. (*See* Aff. Counsel, (Doc. 64-2 para. Ex. 7.)

The Court should not give CCA license to interfere with Plaintiff's access to fact witnesses and, at the same time, allow CCA to ignore any responsibility to then treat those witnesses as parties for purposes of litigation. CCA should make legitimate, legally sustainable, designations of those employees that are actually a "party" for purposes of the litigation. Plaintiffs should be able to subpoena the "parties" through CCA counsel, and arrange for depositions as with any other party. Those who cannot legitimately be "parties" should be fully disclosed to Plaintiffs and Plaintiffs should be allowed proper access to those individuals according to the Rules.

2.     **Plaintiffs have sufficiently met and conferred prior to filing these motions.**

Contrary to CCA's allegations, the Plaintiffs have certified their adequate efforts to resolve these motions to compel without court intervention. The efforts of counsel to resolve this dispute with respect to the initial motion to compel are outlined in the Affidavit of Counsel, filed in support of each motion. When Plaintiffs received inadequate disclosure regarding CCA

---

[2] Admittedly, Plaintiffs dispute these conclusions CCA asserts, and do anticipate that discovery will establish that the actions and omissions of these individuals do contribute to CCA liability in this case.

employees or former employees, the Plaintiffs attempted to obtain supplemental information directly from counsel, but the requests were side-stepped. *See* Dkt 64-2, Ex. 7. The affidavit demonstrates that Plaintiffs' efforts to obtain discovery have been postponed and delayed due to CCA's motions for stays of discovery and motions for protective order, notwithstanding genuine efforts by the Plaintiffs to resolve the disputes and move forward. When it became apparent that a critical witness, Warden Wengler, was going to be leaving the jurisdiction, Plaintiffs served CCA's counsel (the designated contact source for Warden Wengler) in reliance on the initial disclosures. In response to this subpoena, counsel for CCA refused to accept service. *See* Dkt. 64-2, Ex. 11. Once Plaintiffs' counsel became aware that CCA had not provided actual, usable contact information for purposes of subpoenaing witnesses, it made further demand for immediate supplementation. *See* Dkt. 64-1, Ex. 15. CCA refused this demand. *See* Dkt. 64-1, Ex. 16. Plaintiffs' counsel continued to make efforts to resolve the matter without any success or forward progress. *See* Dkt. 64-1, Ex. 18. In the face of CCA's continued inobstinent refusal to provide basic contact information, and further in light of the fact that it was causing the Plaintiffs substantial prejudice, there can be no reasonable argument that Plaintiffs did not attempt to meet and confer prior to their initial motion to compel.

     The supplemental motion to compel (Dkt. 66) is merely a continuation of the same problem arising in the initial motion to compel. The issue that the supplemental motion to compel brings up in particular is the newly disclosed absence of the ICC witness T. Koosman. The supplemental motion to compel seeks remedy for the absence of that witness. Prior to filing the motion to compel, Plaintiffs raised the issue with counsel for CCA and asked them to propose a remedy. Plaintiffs were ignored. (*See* Dkt. 66-2, Para. 3 and Ex. 2).

The obligation of the parties to meet and confer requires the parties to attempt to resolve matters between themselves before invoking court action. The record is clear in this case that CCA has rebuffed the reasonable efforts of the Plaintiffs, and therefore Court action is required.

Plaintiffs are entitled to contact information for witnesses to compel their appearance at trial or deposition.

In its response, CCA merges two unrelated issues: (1) Plaintiffs right to subpoena witnesses with knowledge; and (2) ex parte contact with witnesses who may fall under the umbrella of CCA as a party. However, CCA requests the Court to construe an exception to the initial disclosure requirements of F.R.C.P. 26(a)(1)(A)(i) that does not exist. The clear purpose of providing known contact information is to allow the parties to locate and subpoena necessary witnesses to a case. By refusing to provide that information, which CCA has, it is directly and intentionally interfering with the Plaintiffs' access to certain critical witnesses in this case. Moreover, it allows CCA to coordinate exactly what has happened in this case, the removal of witnesses from the jurisdiction to evade their deposition within the district and increase the cost and difficulty to the Plaintiffs to obtain such witness testimony. Contrary to CCA's speculative assertions that the Plaintiffs may attempt inappropriate ex parte contact, CCA's own conduct demonstrates real interference with Plaintiffs access to witnesses, which has actually occurred in this case. CCA's actual interference with Plaintiffs' access to witnesses should trump any speculative concern that Plaintiffs might inappropriately make ex parte contact with a represented party.

DATED this 3rd day of September, 2013.

/s/
WYATT JOHNSON
Attorney for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND
SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) – PAGE 8
A◆J; Matter: 8591-003

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2013, I filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL (DKT 64) AND SUPPLEMENTAL MOTION TO COMPEL (DKT. 66) electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kirtlan G Naylor**   kirt@naylorhales.com, dlr@naylorhales.com, skh@naylorhales.com, sri@naylorhales.com

**Nikki R. Smith**, Attorneys for Plaintiffs
nikkismithlaw@gmail.com

**Daniel P. Struck and Tara B. Zoellner**, Attorneys for Defendant
dstruck@swlfirm.com; tzoellner@swlfirm.com

/s/
Wyatt Johnson