TJ Angstman
Wyatt Johnson
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho  83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Angstman ISB: 5738
Johnson ISB: 5858

Nikki Smith
210 12th Ave Road
Nampa, ID 83686
Telephone: (208) 466-1800
Facsimile: (208) 466-1803
Smith ISB: 9030

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>    Plaintiffs,<br><br>   vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>    Defendant. | Case No. 1:12-CV-559-EJL<br><br>PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE (DKT 65) |

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE (DKT 65) – PAGE 1
A◆J; Matter: 8591-003

Plaintiffs, by and through their counsel of record, ANGSTMAN JOHNSON, submit this brief in reply in support of their Motion in Limine (Dkt 65).

1.   **CCA's admissions that it falsified staffing reports to IDOC**

CCA disputes the relevance of its admissions that it was falsifying staffing reports to the IDOC. Paragraph 70 of the Complaint alleges that short staffing, which was being covered up by the falsifying staffing reports, was a factor that resulted in the attacks. Paragraph 38 alleges that CCA has historically used inadequate staff to prevent or promptly stop violence against prisoners. Paragraph 72 alleges that ICC cannot protect inmates from assault and there are too few guards on staff.

The fact that the understaffing was covered up by falsified logs to the supervising authority (the Idaho Department of Corrections) is evidence of deliberate indifference. Understaffing makes the inmates less safe. Covering up the understaffing is evidence of knowledge of the facts that increase the risk of harm, as well as a choice disguise, rather than correct the understaffing. CCA's admissions have a tendency to make the alleged facts more or less probable than without the evidence. *See* F.R.E. 401. The evidence is relevant.

CCA also objects on the basis of Rule 403, stating that the evidence would be prejudicial. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant evidence under Rule 403." *United States v. McRay* 593 F.2d 700, 707 (5th Cir. 1979). Therefore, the major function of Rule 403 is "limited to excluding matters of scant cumulative probative force, dragged in by the heels for the sake of its prejudicial effect…it is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none." *Id.*

In this case, CCA has not identified any unfair impact of the evidence, other than the fact that it establishes the claim against CCA. There is no reason to exclude the evidence under Rule 403.

### 2. Video recording of the May 5, 2012, assault

CCA objects that the video of the attacks at issue should be excluded under Rule 403, because two inmates whose claims are dismissed[1] are also showed as being attacked on the video. Notwithstanding, the video depicts the other remaining six inmates who are also being attacked. The Plaintiffs will be present in court; the jurors will be able to discern who they are from the video. There is nothing unfair or misleading about the actual video.

### 3. Kelly Settlement and Contempt Findings Hearing

The Kelly Settlement Agreement / Order was a standard agreed to by CCA in which it acknowledged that appropriate staffing levels and proper housing assignments were necessary to ensure the safety of the inmates. As such, the settlement/order is evidence of CCA's knowledge of risk that not complying with the minimal staffing levels set forth in the agreement and proper housing assignments would increase the risk to the inmates. CCA actions in violation of the settlement/order are acts in deliberate disregard to known risks. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

CCA's citation to *Phillip Morris USA v. Williams* 549 U.S. 346 (2007) is incomplete for the reason that the case does not indicate that the Kelly Settlement should not be allowed. While the court clarified in that case that punitive damages could not be used to directly punish a Defendant for harm to third parties, harm to third parties was nonetheless relevant to establish the reprehensibility of the Defendant's conduct. "Evidence of actual harm to non-parties can help to show that the conduct that harmed the Plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible – although counsel may argue in a

---

[1] Not yet a final decision. F.R.C.P. 54(b).

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE (DKT 65) – PAGE 3
A◆J; Matter: 8591-003

particular case that conduct resulting in no harm done to others nonetheless posed a grave risk to the public or, the converse." 549 U.S. at 355. Therefore, under Phillip Morris, the Kelly facts and the ultimate resolution go toward the reprehensibleness of CCA's conduct in disregarding the staffing and housing standards.

CCA's objection on the basis of Rule 404(b) is inapplicable because the content of the Kelly Settlement is not being offered for purposes of CCA's character for violating civil rights. It is being used for other permissible purposes, specifically, knowledge of the risks and reprehensibleness of the conduct. Rule 404(b) does nothing to prohibit evidence of the Kelly Settlement or the contempt findings.

If the Court enters a judgment of contempt against CCA for violating the Kelly settlement/order, such a judgment would be admissible under F.R.E. 803(22). Contempt is a charge which can result in criminal penalties, including imprisonment for over a year. *See e.g. Bloom v. Illinois* 391 U.S. 194, 209 (1968)(reversing a contempt conviction imposing a 24 month sentence where the offender was denied a jury trial). For purposes of the hearsay rule, contempt should be considered a "crime punishable . . . by imprisonment for more than a year . . ." F.R.E. 803(22)(B).

CCA raises Rule 403 objections, but nowhere shows that the evidence would be unfairly prejudicial. The evidence does show the deliberate indifference and reprehensibleness of CCA's conduct, however, there is nothing identifiably unfair about that.

CCA raises the argument that Plaintiffs are not intended third beneficiaries of the Kelly Settlement Agreement. Plaintiffs are not suing under the Kelly Settlement Agreement. Plaintiffs are suing under § 1983. This is not a contract based case and the third party beneficiary argument does nothing to resolve this dispute.

4.      **CCA wealth evidence**

CCA argues in response to Motion in Limine that it would offer competing evidence at trial to dispute the punitive nature of its conduct. However, that says nothing more than that there will be competing evidence. The existence or non-existence of competing evidence does not render evidence inadmissible.

Contrary to CCA's assertions, punitive damages are available against private companies running a prison. In *Belt v. Geo Group, Inc.* 2006 U.S. Dist. Lexis 38689 (E.D. Penn. 2006), the court found that a private prison contractor, Geo Group Inc., was subject to punitive damages.

> [W]hile municipal entities such as Delaware County and the DCBPI are not subject to punitive damages in this [1983] suit, [*City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981)] does not address whether non-municipal entities or individuals such as the Geo Group, Inc. and George W. Hill are entitled to the same immunity for punitive damages. Traditionally, individual defendants such as Geo Group, Inc. and George W. Hill, can be held liable in their individual capacities for punitive damages if the individual defendants' conduct can be shown to be 'motivated by evil motive or intent, or when it involves reckless or chalice indifference to the federally protected rights of others.'

*Id.* (*citing Smith v. Wade* 461 U.S. 30, 56 (1983)). CCA, a private prison contractor, is not immune to claims for punitive damages.

5.      **Serious Incident Review report**

CCA's object to the serious incident review report is unclear. F.R.E. 803(8) allows for admission of a record or statement of a public office. In *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153 (1988), the Supreme Court held "portions of investigatory reports otherwise admissible under Rule 803(8)(c) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation satisfies the Rule's trustworthiness requirements, it should be admissible along with other portions of the report." *Id* at 170. CCA does not explain why the SIR would constitute inadmissible hearsay.

CCA cites to Rule 403 but again states to no unfairness other than the fact that the evidence is bad for CCA. Unless there is something unfairly prejudicial, there is no reason for striking the information pursuant to F.R.E. 403.

### 6. Higgins Report and Blades Letter

Similar to the Serious Incident Review report, it does not appear that Rule 803 or the *Beech Aircraft Corp.* cases provide any basis for excluding the Higgins Report or Blades letter as hearsay. To the contrary, it appears to provide for their admissibility and public records. F.R.E. 803(8).

Furthermore, the documents are not offered for purposes of proving CCA's character for bad acts, and are not inadmissible due to F.R.E. 404(b). Rather, they are offered for purposes of establishing CCA's knowledge of the risks with respect to deliberate indifference as well as the reprehensibleness of its conduct. The fact that CCA might have to call competing evidence says nothing to change the admissibility of the Higgins and Blades memoranda.

Although CCA cites to Rule 403, it raises no statement of what is unfairly prejudicial about the memoranda.

### Conclusion

CCA has raised no legitimate object to the admissibility of the evidence that is subject to this Motion in Limine. Therefore, Plaintiffs request the court grant Plaintiffs' Motion in Limine.

DATED this 3rd day of September, 2013.

/s/
WYATT JOHNSON
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2013, I filed the foregoing PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE (DKT 65) electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kirtlan G Naylor**    kirt@naylorhales.com, dlr@naylorhales.com, skh@naylorhales.com, sri@naylorhales.com

**Nikki R. Smith**, Attorneys for Plaintiffs
nikkismithlaw@gmail.com

**Daniel P. Struck and Tara B. Zoellner**, Attorneys for Defendant
dstruck@swlfirm.com; tzoellner@swlfirm.com

/s/
Wyatt Johnson