Kirtlan G. Naylor    ISB #3569
James R. Stoll    ISB #7182
NAYLOR & HALES, P.C.
950 W. Bannock Street, Suite 610
Boise, Idaho 83702
Phone:    (208) 383-9511
Facsimile: (208) 383-9516
Email: kirt@naylorhales.com; jrs@naylorhales.com

Daniel P. Struck    AZB 012377
*(Admitted Pro Hac Vice)*
Tara B. Zoellner    AZB 027364
*(Admitted Pro Hac Vice)*
STRUCK, WIENEKE & LOVE, P.L.C.
3100 W. Ray Road, Suite 300
Chandler, AZ 85226
Telephone:    (480) 420-1600
Fax:    (480) 420-1696
dstruck@swlfirm.com, tzoellner@swlfirm.com

Attorneys for Defendant Corrections Corporation
of America, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FOR-BRIDGES, AND RAYMOND BRYANT,<br><br>    Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, Inc.,<br><br>    Defendant. | Case No. 1:12-cv-00559-EJL<br><br>**STIPULATION REGARDING DISCOVERY** |

**STIPULATION REGARDING DISCOVERY - 1.**

Defendant Corrections Corporation of America ("CCA"), through its attorneys of record and Plaintiffs, through their attorneys of record and pursuant to the discovery mediation conference held on Friday, October 18, 2013, and Local Rule 7.3, agree and stipulate that the Court enter and order consistent with the following:

## WITNESSES

1. Defense counsel will provide current employee addresses and telephone numbers and Plaintiffs' counsel agrees to not initiate contact with current employees.

2. Defense counsel will accept trial subpoenas of all current employees.

3. Defense counsel will make current employees available for depositions and accept subpoenas duces tecum for current employees, but not waive any objections.

4. Defense counsel will accept a subpoena duces tecum for the deposition of Timothy Wengler in Boise with the parties to share travel costs.

5. Defense counsel will make Mr. Koosman available for deposition in Boise with the parties to share travel costs, if Mr. Koosman agrees to come to Boise. CCA's counsel will represent Mr. Koosman at his deposition, and will also accept service of a deposition duces tecum on his behalf.

## CURRENT SCOPE OF INITIAL DISCOVERY

The parties do not waive any rights or objections that may be specific to requests. Either party may determine that a broader scope is necessary and this stipulation does not waive that right. Production of documents previously requested will be initially limited in scope as follows:

**STIPULATION REGARDING DISCOVERY - 2.**

1. Documents and correspondence generally related to assaults at ICC may encompass August 2008 through May 5, 2012 and information relating to incidents during that time period.

2. Staffing records regarding ICC from March 2010 through May 5, 2012, including staff rosters, electronic sign-in, time card information. Plaintiffs reserve the right to expand this time frame and Defendants reserve the right to object.

3. Warden bonus reports and supporting documentation encompassing the periods from August 2008 through May 30, 2012.

4. Defense will produce personnel files subject to protective order for persons that the parties will agree upon.

5. E-Discovery: Parties will work through and identify search terms for correspondence and emails.

6. Regarding Draft Documents: Defendants will identify correction action plans related to the SIR report for May 5, 2012 incident and Amendment 8 to the IDOC Contract and work out search terms for correspondence related emails. As for any other drafts, Plaintiffs will subsequently request and justify drafts, if they exist, of other documents.

7. Regarding documents related to other CCA facilities: Plaintiffs will defer those requests until such time as Plaintiffs have conducted additional discovery on staffing patterns and neither party waives any rights to limit or expand such request.

8. Plaintiffs agree to provide a privilege log for any privileged communication received from current or former employees submitted from the www.angstman.com/cca website. Non-privileged communications responsive to pending

**STIPULATION REGARDING DISCOVERY - 3.**

discovery requests will be produced and Plaintiffs may designate such as confidential pursuant to the Protective Order if applicable.

9. Defendants agree to provide 5-1 packet reports for inmate on inmate assaults provided to the Kelly Agreement monitor from October 2011 through, and including the May 5, 2012 incident report.

10. Counsel for CCA shall provide to Plaintiffs contact information for the court reporters for them to obtain deposition transcripts from the *Kelly v. Wengler* Contempt proceeding, and those transcripts shall be subject to this Court's protective order. Any redactions ordered by Judge Carter in the *Kelly* proceeding shall be designated as Confidential. Counsel for CCA shall promptly inform Plaintiffs' counsel of any such redactions upon entry of an order by Judge Carter. .

WHEREFORE, the parties jointly request the Court enter the proposed Order.

DATED this 12th day of November, 2013.

ANGSTMAN JOHNSON

By /s/
T.J. Angstman
Attorney for Plaintiffs

NAYLOR & HALES, P.C.

By /s/
Kirtlan G. Naylor
Attorneys for Defendant

NIKKI SMITH LAW

By /s/
Nikki R. Smith
Attorney for Plaintiffs

STRUCK, WIENEKE & LOVE, P.L.C.

By /s/
Daniel P. Struck
Attorneys for Defendant

**STIPULATION REGARDING DISCOVERY - 4.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- **TJ Angstman and Wyatt B. Johnson**, Attorneys for Plaintiffs
  tj@angstman.com; wyatt@angstman.com

- **Nikki R. Smith**, Attorneys for Plaintiffs
  nikkismithlaw@gmail.com

- **Daniel P. Struck and Tara B. Zoellner**, Attorneys for Defendant
  dstruck@swlfirm.com; tzoellner@swlfirm.com

/s/
Kirtlan G. Naylor

**STIPULATION REGARDING DISCOVERY - 5.**