UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN KEITH PETERSON, LEON RUSSELL, CHRISTOPHER S. JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, and RAYMOND BRYANT,<br><br>     Plaintiffs,<br><br> vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>     Defendant. | Case No. 1:12-cv-00559-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

  This civil rights action was filed by a group of prisoners against Corrections Corporation of America (CCA), the company operating the Idaho Correctional Center (ICC), the private prison where the Plaintiffs were confined when they were attacked and injured by another group of prisoners. Plaintiffs contend that Defendant has violated their right to be free from cruel and unusual punishment.

  After discovery disputes arose earlier in this case, the Court determined that counsel for all parties had "refused to interact with each other reasonably and civilly. Many of the motions and briefs filed by both parties are full of hyperbole and contain unfounded accusations against opposing counsel." (Order of Referral, Dkt. 80, at 1.) The

**MEMORANDUM DECISION AND ORDER - 1**

Court therefore referred this case to the Honorable Mikel H. Williams for a discovery mediation, which fortunately was somewhat successful. The parties came to agreement on many of their disputes and filed a Stipulation, approved by the Court on November 15, 2013, as to certain discovery issues.

Alas, this spirit of cooperation unfortunately (though perhaps unsurprisingly) did not last. Only slightly over one month after the Court approved the Stipulation, Plaintiffs filed a Motion to Compel, seeking information purportedly covered by two of Plaintiffs' Requests for Production. (Dkt. 96.) Therefore, the Court is required, once again, to wade into the sandbox because the lines of communication between the parties' respective sand castles have broken down. Other motions are also pending.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will decide this matter on the record without oral argument. D. Idaho L. R. 7.1. For the reasons that follow, Plaintiffs' Motion to Compel will be denied. Further, the Court will set an amended pleadings deadline of February 28, 2014, and will grant Defendant's Motion to Seal.

**MEMORANDUM DECISION AND ORDER - 2**

**PLAINTIFFS' MOTION TO COMPEL**

1. **Overview of Plaintiffs' Requests for Production**

Plaintiffs seek specific information they claim is covered by Requests for Production Nos. 10 and 12. (Dkt. 96 at 2.) Request for Production No. 10 reads as follows:

> Please produce all documents and communications including copies of the unit log books, shift logs, and other activity logs for all staff and contractors at ICC and containing at least the identity of the staff member, the sign in and sign out times for the staff member, and the duty assignment for the time period commencing January 1, 2009 and continuing through May 14, 2012.

(Dkt. 96-3 at 1-2.)

Request for Production No. 12 provides:

> Please produce all documents and communications including all records containing the terms of compensation and bonuses for any CCA employee with any supervisory authority who was employed by CCA to work at ICC for any period of time that includes the time period commencing January 1, 2009 and continuing through December 31, 2012.

(Dkt. 96-3 at 2.)

2. **The Parties' Stipulation**

As a result of their discovery mediation, the parties stipulated to provide several types of discovery to one another. In relevant part, Defendant agreed to produce "[s]taffing records regarding ICC from March 2010 through May 5, 2012, including staff rosters, electronic sign-in, time card information. Plaintiffs reserve the right to expand

**MEMORANDUM DECISION AND ORDER - 3**

this time frame and Defendants reserve the right to object." (Dkt. 90 at 3.) Defendant also stipulated to provide "[w]arden bonus reports and supporting documentation encompassing the periods from August 2008 through May 30, 2012." (*Id.*)

### 3.     Plaintiffs' Current Position

In their Motion to Compel, Plaintiffs specifically ask for the following information, allegedly encompassed by Request for Production No. 10:

> Specifically all electronic Kronos and wage data relating to employees at ICC during 2008-2012. A shorter time range was produced in .pdf format only which cannot be reasonably used by former FBI agent Verna Kessler in her investigation. CCA has refused to produce them in machine readable format.

(Mot. to Compel, Dkt. 96, at 2.)

Plaintiffs also contend they need the following specific information, which is purportedly responsive to Request for Production No. 12:

> Specifically documents (including electronic data) related to CCA's incentive plan for Wengler, Myers, and Conley,[1] including the stock and stock option plans and awards and the incentive bonus data such as facility EBIDITA goals and facility expense goals, and actual results, *by category*, for the years 2008-2012. Plaintiffs also seek all documents (including electronic documents) reflecting communications by, between or with the same CCA employees discussing establishment of these incentivized goals and progress toward the incentivized goals during the same time period (2008-2012).

(Dkt. 96 at 2.)

---

[1] The correct spelling of this person's last name is "Conry."

**MEMORANDUM DECISION AND ORDER - 4**

**4.     "Incentive Plan Documents"**

The Motion to Compel initially sought stock option and bonus information regarding the employment of three CCA employees: Tim Wengler, former warden of ICC; K. Myers, Managing Director of Operations of ICC's region; and S. Conry, CCA's Vice President of Facility Operations for Business Unit 3. (Dkt. 96; Dkt. 103 at 9.) However, Plaintiffs acknowledge in their Reply in Support of the Motion to Compel that Defendant has produced stock agreements for former warden Wengler, as well as another former warden. (Dkt. 109 at 4.) Defendant has also already provided Plaintiffs with ICC's Facility Bonus Plans for 2008, 2009, 2010, 2011, and 2012. Thus, the only remaining stock option and bonus information at issue is that pertaining to employees Myers and Conry.

However, Plaintiffs' Request for Production No. 12 sought information regarding "the terms of compensation and bonuses for any CCA employee with any supervisory authority who was employed by CCA *to work at ICC*." (Dkt. 96-3 at 2) (emphasis added). And the Stipulation stated that Defendant would produce "*[w]arden* bonus reports and supporting documentation." (Dkt. 90 at 3) (emphasis added).

Myers and Conry work in Nashville, Tennessee. They do *not* work at ICC. They are *not* prison wardens. Therefore, Plaintiffs' Motion to Compel improperly seeks information that Plaintiffs *did not include in their discovery request*. Plaintiffs' Motion is therefore frivolous. It should have been obvious to Plaintiffs' counsel that Request for Production No. 12 did not cover the information Plaintiffs seek regarding Myers and

**MEMORANDUM DECISION AND ORDER - 5**

Conry. Indeed, even after Defendant pointed out this fact in its Response to the Motion to Compel, Plaintiffs' counsel ignored it, offering absolutely no reason why he thought it appropriate to waste the Court's time and resources by filing a frivolous motion to compel. (*See* Reply, Dkt. 109.) It is obvious, and should have been obvious to all attorneys involved in this case, that Plaintiffs are not entitled to this information.

**5.     Kronos Data**

Kronos Workforce Timekeeper Central is the timekeeping system used by CCA. It is undisputed that Defendant has produced Kronos data in searchable .pdf format for the time period covered by the Stipulation. Plaintiffs argue, however, that this is not a reasonably usable format and request that this information be re-produced in machine readable format and also request data covering a longer period of time. (Dkt. 96 at 2.)

Federal Rule of Civil Procedure 34 governs the production of documents, including electronically stored information. In requesting electronically stored information, a party may specify a form of production. If the requesting party does not specify a form for the information, the responding party must produce it "in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms." Fed. R. Civ. P. 34(b)(E)(ii). A responding party "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(E)(iii).

Plaintiffs' expert, Verna Kessler, has averred that she has attempted to convert the searchable .pdf files into a database format, that she has made little progress, and that it would take approximately 300-500 hours, in addition to the 45 hours she has already

**MEMORANDUM DECISION AND ORDER - 6**

spent, to complete the process. (Dkt. 109-1 at ¶ 3.) Thus, argue Plaintiffs, the .pdf format is not reasonably usable.

John Pfeiffer, Vice Present of Technology and Chief Information Officer for CCA, attests to the following regarding the Kronos system:

> Kronos, as CCA utilizes it, is set up to natively provide employee time detail information in a Portable Document Format, or .pdf. *This is the only built-in, reasonably accessible data format* of which I am aware for Kronos time detail extraction. While some system data can in fact be produced in Excel format, that data does not include time detail to my knowledge.
>
> . . . .
>
> Should a facility, such as the Idaho Correctional Center, wish to run a report containing employee time detail information, to my knowledge *the facility's only option is to generate a report formatted as a .pdf*. This is the same method that CCA's Facility Support Center uses when producing time detail information in the regular course of business.

(Pfeiffer Decl., Dkt. 103-3 ¶ 10, 13) (emphasis added). Pfeiffer continues, "To produce the Kronos time detail information in an electronic data format, such as .csv, would require CCA to write a script that would then enable it to export the time detail information Plaintiffs seek." (*Id*. at ¶ 17.) Pfeiffer has described the requirements for creating such a script, or program, and it is lengthy and daunting. As summarized by Defendant's counsel, it would require "a team of between three and four people at CCA's Facility Support Center in Nashville to expend three to four days creating the script, testing it, and confirming the accuracy of the data it produces." (Dkt. 103 at 12.)

**MEMORANDUM DECISION AND ORDER - 7**

Plaintiffs did not specify the format in which the timekeeping information should be produced. Therefore, under Rule 34, Defendant was entitled to produce it either (1) the form "in which it is ordinarily maintained" or (2) in a reasonably usable format. Defendant has sufficiently shown that any report or other extraction of data from the Kronos system is natively produced in a searchable .pdf format. Because Defendant has already produced the Kronos data in that format, it is not required to re-produce it in a different form. Further, the Court (which is familiar with searchable .pdf format) finds that a searchable .pdf format is a reasonably usable form in this case because, as the name implies, it can be easily searched. Therefore, the Court will deny Plaintiffs' request for re-production of the Kronos data.[2]

The Court does note, however, that if Plaintiffs agree to pay for Defendant's expenses in writing a script that would produce the Kronos data in the form in which Plaintiffs prefer, Plaintiffs may approach Defendant with such a request.

**6.      Attorneys' Fees**

The Court has seriously considered awarding Defendant its attorneys' fees incurred as a result of Plaintiffs' frivolous Motion to Compel. The Court has determined, however, that it will reserve the decision whether to pursue such sanctions against Plaintiffs. However, should Plaintiffs continue to engage in abusive discovery practices,

---

[2] The Court also concludes that Plaintiffs' request for data reaching all the way back to 2008—4 years prior to the incident in question—is unreasonable.

**MEMORANDUM DECISION AND ORDER - 8**

the Court may decide that sanctions are appropriate, which may not be limited to monetary sanctions.

Moreover, the Court will not entertain any more motions to compel, by either party, unless that party certifies that the parties' attorneys have met, face-to-face, in at least one conference lasting at least two hours and that they have discussed—and *genuinely* attempted to resolve—each aspect of the dispute covered by the motion to compel. An exchange of emails or a telephone conference will not suffice.

Further, any motion to compel that seeks information outside the scope of a discovery request will be summarily denied, and sanctions may issue.

## DEFENDANT'S MOTION TO SET AMENDED PLEADINGS DEADLINE

The parties have been unable to agree on a stipulated deadline for motions to amend or to join parties. The Court concludes that such a deadline is necessary, but it will not adopt Defendant's proposed deadline, which has already passed. Rather, all such motions shall be due February 28, 2014.

## ORDER

**IT IS ORDERED:**

1. Defendant's Unopposed Motion for an Extension of Time to File Response to Plaintiffs' Motion to Compel (Dkt. 102) is GRANTED. Defendant's Response is deemed timely.

**MEMORANDUM DECISION AND ORDER - 9**

2. Plaintiffs' Motion to Compel (Dkt. 96) is DENIED.

3. Defendant's Motion to Set Amended Pleadings Deadline (Dkt. 101) is GRANTED IN PART and DENIED IN PART. All motions to amend or to join parties shall be filed no later than **February 28, 2014**.

4. Defendant's Motion to Seal Exhibits 1, 2-B, and 3-A to CCA's Response to Plaintiffs' Motion to Compel (Dkt. 104) is GRANTED. Those exhibits (Dkt. 105) are ordered to remain SEALED.

DATED: February 7, 2014

Honorable Edward J. Lodge
U. S. District Judge