WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
**KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095**
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413
Kevin.Maloney@usdoj.gov


Attorney for United States of America


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN KEITH PETERSON, LEON RUSSELL, CHRISTOPHER S. JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, and RAYMOND BRYANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>Defendant. | Case No. 1:12-CV-00559-EJL<br><br>**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE ORDER (ECF NO. 118)** |

COMES NOW the United States Attorney's Office, by and through United States Attorney Wendy J. Olson, and Assistant United States Attorney, Kevin T. Maloney, and hereby responds to the Court's March 11, 2014, Order.  The United States Attorney's Office appreciates the Court's invitation in its Order (ECF No. 120) for the United States to file a brief setting forth

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE
ORDER (ECF NO. 118) - 1**

its position regarding the Motion to Stay (ECF. 118) filed by Corrections Corporation of America (CCA).

As a matter of policy in all criminal cases, the United States generally will not comment on the existence, nature, or scope, of a criminal investigation. This policy is designed to protect both the integrity of the investigation and the rights and privacy of witnesses and potential targets. Here, the United States can confirm that the FBI opened an investigation related to CCA and the Idaho Correctional Center, because the existence of the investigation is already publicly known. However, consistent with our general policy, the United States cannot comment publicly on any details of the investigation.

In most criminal investigations, and for the reasons stated above, the United States prefers, and will request, that witnesses in criminal cases not make public statements concerning the subject matter of the investigation. Public release of information can compromise an investigation in many ways, including: increased risks for cooperating witnesses, public scrutiny against people who may never be charged, and, effects on a potential jury pool. On occasion, the United States will pursue protective orders or other authority from the Court in support of this preference. However, the United States recognizes that, absent a protective order or circumstances that constitute criminal interference in an investigation (*see, e.g.* 18 U.S.C. Chapter 73), in most cases the decision as to whether a witness publicly discusses an investigation is ultimately made by the witness and/or the witness's attorney.

When criminal investigations intersect with civil litigation, the criminal investigative priorities must be balanced against the interests of judicial economy and the rights of litigants to pursue civil claims. In some cases, the United States pursues parallel proceedings, both criminal and civil. In other cases, civil cases are stayed pending the results of a criminal case. The

United States recognizes that it may seek a stay of discovery or other relief in a parallel civil action through permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Additionally, in certain instances, the Court may grant an application for a temporary restraining order to protect witnesses. (*See, e.g.* 18 U.S.C. § 1514). At this time, however, the United States chooses not to pursue a stay or other intervention in the matter before the Court.

The United States elects to take no position concerning how the Court should address the Motion to Stay. The United States recognizes that the Court is left with little information concerning any criminal investigation, but trusts the Court to understand why the United States must proceed in this manner at this time, and to weigh the equities of the current situation. Despite not taking a position, the United States appreciates the invitation from the Court to do so.

Respectfully submitted this 13th day of March 2014.

> WENDY J. OLSON
> UNITED STATES ATTORNEY
> By:
>
> _____
> KEVIN T. MALONEY
> ASSISTANT U.S. ATTORNEY

UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE
ORDER (ECF NO. 118) - 3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2014, the foregoing **UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE ORDER (ECF NO. 118)** was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

>Kirtlan G. Naylor
>Naylor & Hales, P.C.
>kirt@naylorhales.com
>
>Daniel P. Struck
>dstruck@swlfirm.com
>
>Tara B. Zoellner
>tzoellner@swlfirm.com

And, I hereby certify that the following listed non-registered CM/ECF participants were served by:

>☐ United States Mail, postage prepaid
>☐ Hand-delivery
>☐ Facsimile transmission (fax)
>
>N/A

HEATHER R. CRAWFORD
Legal Assistant