UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN KEITH PETERSON, LEON RUSSELL, CHRISTOPHER S. JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, and RAYMOND BRYANT,<br><br>               Plaintiffs,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>               Defendant. | Case No. 1:12-cv-00559-EJL<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Stay and Motion for Protective Order (Dkt. 118).[1] The Court previously ordered an expedited briefing schedule, which is now complete.

The parties are familiar with the factual and procedural background of this case. In brief, Plaintiffs, who are prisoners in the custody of the Idaho Department of Correction (IDOC), contend that Defendant Corrections Corporation of America (CCA)—the private company operating the prison where Plaintiffs are confined—violated the Eighth

---

[1] Also pending are Plaintiffs' Motion to Seal the Affidavit of Wyatt Johnson (Dkt. 123), and Defendant's Motion to Seal the Declaration of K. Myers (Dkt. 130), both of which will be granted.

**ORDER - 1**

Amendment by failing to protect them from an attack by other inmates. Their claims rest heavily on allegations that CCA engaged in a "ghost worker" scheme, falsifying documents to make it appear to the IDOC as if the prison were fully staffed at times when, in fact, there were not enough officers available to ensure Plaintiffs' safety.

Factual discovery in this matter is set to close on March 28, 2014. Defendant asks the Court to stay this civil case because the Federal Bureau of Investigation has instituted a criminal investigation into CCA's alleged conduct.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. D. Idaho Loc. Civ. R. 7.1. Accordingly the Court enters the following Order denying Defendant's Motion to Stay.

## 1.      Motion to Stay Discovery

The Fifth Amendment right against self-incrimination does not include an absolute right for a party or witness "not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). Therefore, in cases of parallel civil and criminal proceedings, the Constitution does not require a stay of the civil proceedings pending the outcome of the criminal proceedings. *Id.* at 324.

However, the Court has discretion to enter such a stay. "[T]he extent to which the defendant's fifth amendment rights are implicated" in a civil proceeding is an important factor the Court must consider in deciding whether to issue a stay, but it is only one of

**ORDER - 2**

several. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In

deciding whether a civil matter should be stayed,  the Court must also consider the

following:

> (1) the interest of the plaintiffs in proceeding expeditiously
> with this litigation or any particular aspect of it, and the
> potential prejudice to plaintiffs of a delay; (2) the burden
> which any particular aspect of the proceedings may impose on
> defendants; (3) the convenience of the court in the
> management of its cases, and the efficient use of judicial
> resources; (4) the interests of persons not parties to the civil
> litigation; and (5) the interest of the public in the pending civil
> and criminal litigation.

*Id.* at 903 (quotation omitted).

After carefully considering the above factors, the Court concludes that a stay

should be denied. Defendant argues that good cause exists for a stay of discovery because

the witnesses scheduled for deposition in this matter "are likely either unaware of the

implications of the investigation or have yet had the opportunity to assess the implications

for them, personally. Should a witness elect to invoke his or her Fifth Amendment

privilege, CCA—the sole Defendant in this matter at this time and the subject of the

FBI's inquiry—runs the risk of being on the receiving end of the resulting negative

inference." (*Id.*)

It is true that a trier of fact in a criminal proceeding is permitted to draw an adverse

inference "from the invocation of the Fifth Amendment in a civil proceeding." *Keating*,

45 F.3d at 326. However, CCA's concern that it might be subject to such an inference is

entirely speculative. Defendant has offered nothing from which the Court could infer that

**ORDER - 3**

the deponents at issue here will likely assert their Fifth Amendment privilege. Further, even if a witness does so, his or her refusal to testify does not necessarily mean that CCA, an entirely different entity, will be subject to a negative inference.

The remaining factors also weigh against issuing a stay. First, Plaintiffs have an obvious interest in avoiding delay; their case has been pending since November 2012. The interests of Plaintiffs are much stronger than the potential burden on Defendant, which—as the Court has noted—is highly speculative.[2] This is not a case where criminal prosecution is ongoing, or even imminent. The FBI has merely stated its intent to investigate. There is no timeline for the investigation, which is in its infancy. The Court knows of no pending criminal charges related to the allegations in this case, and it is entirely possible that, after the investigation is concluded, the government will decide not to pursue any such charges. That investigation and decision could take months or years, and the Court will not delay these proceedings indefinitely on the chance that the investigation might, one day in the future, lead to criminal charges. The Court concludes that the burden on CCA of proceeding in this civil action while the FBI pursues its investigation is minimal. "The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened. The possibility that criminal indictments [might] be brought . . . may [make] responding to

_____

[2] The Court need not address at this time Plaintiff's allegations—vehemently disputed by Defendant—that Defendant has intentionally destroyed evidence, because the Court determines that Plaintiff's interest outweighs Defendant's even assuming that no such misconduct occurred.

**ORDER - 4**

civil charges more difficult," but the Court concludes that this possibility does not outweigh the other factors in the analysis. *Molinaro*, 889 F.2d at 903 (internal quotation marks, citation, and alterations omitted).

The convenience of the court in the management of its cases and the efficient use of judicial resources weighs heavily against a stay in this matter. The case has been pending for quite some time, and discovery is nearly complete. Therefore, it is much more efficient for this matter to continue its progress toward a resolution. When considered against the speculative possibility of future criminal charges, the preservation of the Court's limited judicial resources justifies the denial of the requested stay.

With respect to the interests of persons other than the parties in this manner, Defendant contends that "[a]llowing Plaintiffs' intensive civil inquiry into staffing practices at ICC to proceed before the criminal case is resolved will force CCA employees[,] who are not even parties to this case, to decide whether to flout Plaintiffs' subpoenas or risk providing testimony that might later be used against them, depending on how the FBI investigation proceeds." (Dkt. 118 at 5.) However, deponents who believe that the answer to a question may incriminate them are entitled to assert their Fifth Amendment rights. Although CCA's protective inclination toward its employees is all well and good, the Court has no doubt that these employees are quite able to look after themselves.

Finally, the interests of the public in these proceedings falls on the side of denying a stay. The issues between the IDOC and CCA regarding staffing of the prison and

**ORDER - 5**

alleged fraudulent reporting have been covered in the media and are the subject of public interest. This is a high-profile case, and the Court has determined that the interests of the public would be frustrated if a stay were issued. Idaho's citizenry has a right to be informed about these serious issues of public concern.

For all of the above reasons, Defendant's Motion to Stay will be denied.

## 2.      Request for Protective Order

The Court will also deny Defendant's alternative request for a protective order "limit[ing] the scope of Plaintiffs' inquiry during the remaining scheduled depositions to the facts and circumstances surrounding the May 5, 2012 incident and any discoverable issue other than the 'ghost worker' allegation." (Dkt. 118 at 3-4.) To enter such an order would be to effectively (and unjustifiedly) hamstring the Plaintiffs' case. CCA's assertions that understaffing has nothing to do with this case because the unit where the attack occurred was fully staffed at the time do not aid its cause, as such allegations can be easily subject to dispute. Whether or not the unit was understaffed is not a question that is appropriately resolved on a motion to stay discovery. Given that Plaintiffs' theory of the case is that understaffing did, in fact, contribute to the attack, they are entitled to pursue *reasonable* discovery to prove that theory.

## 4.      Postponed Depositions

The parties have stipulated that certain depositions would not take place as scheduled pending the Court's decision on Defendant's Motion to Stay (See Dkt. 127.) Therefore, the Court will extend the factual discovery deadline for 14 days—until April

**ORDER - 6**

11, 2014—in order to accommodate such postponed depositions. No new discovery requests shall be made during these extra 14 days, and no other pretrial deadlines (such as the time period for expert discovery) unless the Court orders otherwise.

If the parties find that they cannot reasonably schedule and conduct the previously noticed depositions prior to the new factual discovery deadline, they may, if in good faith, request that the deadline be further extended. However, the parties are advised that such a request will be viewed with a heavy dose of skepticism, as this case has already been pending for approximately sixteen months.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Stay and Motion for Protective Order (Dkt. 118) is DENIED.

2. Because the parties have filed a Stipulation (Dkt. 127) with respect to the postponed depositions, Defendant's Emergency Motion to Postpone Depositions (Dkt. 119) is MOOT.

3. Plaintiffs' Motion to Seal (Dkt. 123) is GRANTED. The Affidavit of Wyatt Johnson in Opposition to Defendant's Motion to Stay and for Protective Order (Dkt. 124) shall remain SEALED.

4. Defendant's Motion to Seal (Dkt. 130) is GRANTED. The Declaration of K. Myers (Dkt. 131) shall remain SEALED.

5. Factual discovery shall be extended for 14 days for the sole purpose of

**ORDER - 7**

allowing the parties to conduct the depositions that were postponed pending this decision. Therefore, the factual discovery period will close on **Friday, April 11, 2014.** No other pretrial deadlines shall be affected by this Order unless otherwise ordered by the Court.

DATED:  **March 19, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 8**