UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN KEITH PETERSON, LEON RUSSELL, CHRISTOPHER S. JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, and RAYMOND BRYANT,<br><br>Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>Defendant. | Case No. 1:12-cv-00559-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiffs are prisoners in the custody of the Idaho Department of Correction (IDOC). Plaintiffs allege in this civil rights action that they were attacked by a number of other inmates at Idaho Correctional Center (ICC) and that Defendant Corrections Corporation of America (CCA), the private company that operated ICC at the time of the attack, violated the Plaintiffs' Eighth Amendment rights by understaffing the prison and thereby failing to protect them from the attack. Now pending before the Court are (1) Defendant's Motion for Protective Order Re: Plaintiffs' Amended Notice of 30(b)(6) Deposition to CCA (Dkt. 141), and (2) Plaintiffs' Second Motion to Compel (Dkt. 146).

**MEMORANDUM DECISION AND ORDER 1**

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order (1) granting in part and denying in part Defendant's Motion for Protective Order, and (2) granting in part and denying in part Plaintiffs' Second Motion to Compel.

**1.  Defendant's Motion for Protective Order**

On April 15, 2014, Defendant moved for a protective order with respect to certain topics listed in Plaintiffs' Notice of Rule 30(b)(6) Deposition. The deposition took place on April 16 and 17, 2014, and Defendant has notified the Court that "the parties were able to resolve most of the issues set forth in CCA's Motion for Protective Order." (Dkt. 142 at 2.) Therefore, the "sole remaining issues" in Defendant's Motion are Topics 3(b), 9, 10(h), 10(h)(i) and 10(h)(ii). (*Id*. at 2-3.)

**A.  *Standard of Law***

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fun, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party seeking a 30(b)(6) deposition of

**MEMORANDUM DECISION AND ORDER  2**

an organization "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

For good cause, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" with respect to another party's discovery requests. Fed. R. Civ. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

B.  *Topic 3(b): Preservation of Evidence*

Topic 3(b) in Plaintiff's Notice of 30(b)(6) Deposition requests that the deponent be able to testify regarding "[a]ll instructions to CCA, its agents and its employees to preserve all potentially relevant evidence and cease all ordinary document destruction or computer backup overwriting once CCA should have reasonably anticipated litigation by the Plaintiffs arising out of the May 5, 2012 attack." (Dkt. 141-5 at 6.) The Court determines that this evidence is relevant because it might lead to the discovery of admissible evidence. It appears that some video footage potentially relevant to Plaintiffs' claims has been overwritten, whether by routine practice, accidentally, or intentionally. The Court does not determine at this time that Defendant engaged in any wrongdoing regarding this footage, but the scope of discovery is necessarily broad, and Plaintiffs

**MEMORANDUM DECISION AND ORDER  3**

might learn of instructions or policies related to the footage. Defendant states, in a conclusory fashion, that discovery related to evidence preservation policies is "burdensome," but has not specifically identified any undue burden. Thus, the Court will deny Defendant's Motion with respect to Topic 3(b).

C.  *Topic 9: Mitigation of Damages*

Topic 9 of Plaintiff's 30(b)(6) deposition notice requires the deponent to testify regarding the "facts or data CCA contends mitigates the need for a substantial punitive damage verdict in this case." (Dkt. 141-5 at 11.) CCA contends that this topic is not described with reasonable particularity as required by Rule 30(b)(6). (Dkt. 141-1 at 9-10.) The Court agrees. Requiring Defendant to prepare a deponent to testify as to all such matters is overbroad and unduly burdensome. "Even under the present-day liberal discovery rules, [a party] is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim." *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996) (internal quotation marks omitted). Therefore, the Court will grant Defendant's Motion with respect to Topic 9.

D.  *Topics (10)(h), 10(h)(i), and 10(h)(ii): Compensation Plans of Myers and Conry*

Topic 10(h) relates to the "terms and conditions of incentive/bonus compensation plans . . . that are affected in whole or in part by salaries or wages in the prisons" under the supervision of two CCA employees (Managing Director Myers and Vice President of

**MEMORANDUM DECISION AND ORDER  4**

Facility and Operations Conry), (Dkt. 141-5 at 12.) The Court concludes that, although supervisory employees Myers and Conry apparently were not directly involved in the day-to-day management of ICC, certain specific terms of their compensation plans might be relevant to Plaintiffs' allegations that CCA provided incentives and bonuses for keeping salary and wage costs down, which in turn might implicate Plaintiffs' assertions that CCA or CCA employees deliberately understaffed its facilities. However, Plaintiffs will be allowed to question the 30(b)(6) deponent only with respect to the *specific* allegations that understaffing the prison could result in bonuses or other incentive payments to Myers or Conry. A general term or condition of an incentive plan that rewards an employee for increasing overall profitability does not fall into this category. Therefore, the Court will grant in part and deny in part Defendant's Motion with respect to Topic 10(h).

Topic 10(h)(i) relates to the "amount of incentive/bonus compensation paid to . . . Mr. Myers . . . and Mr. Conry associated with the incentive/bonus compensation identified in Topic 10(h) for the years 2010, 2011, and 2012." (Dkt. 141-5 at 12.) This topic is relevant because Plaintiffs might ultimately be able to show that any such compensation is causally linked to understaffing at the prison and the attack against Plaintiffs. Therefore, the Motion for Protective Order will be denied with respect to this topic.

However, the Court will not allow Plaintiffs to inquire about Topic 10(h)(ii)—any "[c]ommunications relating to establishing appropriate incentive/bonus compensation

**MEMORANDUM DECISION AND ORDER  5**

identified in Topic 10(h) between . . . Mr. Myers, Mr. Conry, and/or any other FSC employees having policymaking authority to establishing appropriate incentive/bonus compensation plans identified in Topic 10(h)." (Dkt. 141-5 at 12.) The Court agrees with Defendant that the information sought in Topic 10(h)(ii) is overly burdensome because Plaintiffs had an opportunity to depose Mr. Myers and Mr. Conry and could have asked those witnesses about communications regarding their specific compensation plans. Plaintiffs have therefore had "ample opportunity to obtain the information" through other discovery in this action, Fed. R. Civ. P. 26(b)(2)(C)(ii), and the Court will grant the Motion for Protective Order with respect to Topic 10(h)(ii).

For the foregoing reasons, Defendant's Motion for Protective Order will be granted in part and denied in part.

**2.     Plaintiffs' Second Motion to Compel**

In their Second Motion to Compel, Plaintiffs seek (1) a March 2010 Security Assessment evaluation (also referred to as the "Site Visit Report"), which Plaintiffs first learned existed when they deposed Mr. Myers, and (2) "a true and correct copy of any and all compensation plans" for Myers and Conry. (Dkt. 146-3 ¶¶ 2-3.)

     **A.**     *Standard of Law and Introduction*

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). Generally, so long as the moving party has followed appropriate procedures prior to filing the motion, a court should deny a motion to compel only if the

**MEMORANDUM DECISION AND ORDER  6**

information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *cert. denied,* 508 U.S. 908 (1993). In other words, a motion to compel "should be granted if the questions are relevant and proper." Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2286 (1994).

Under Local Rule 37.1, a party may not bring a discovery motion unless the party has made "a reasonable effort to reach agreement with opposing attorneys . . . on the matters set forth in the motion." Further, after earlier discovery disputes arose in this case, the Court instructed the parties that it would not entertain any further motions to compel unless the moving party certifies "that the parties' attorneys have met, face-to-face, in at least one conference lasting at least two hours and that they have discussed—and genuinely attempted to resolve—each aspect of the dispute covered by the motion to compel. An exchange of emails or a telephone conference will not suffice." (Dkt. 112 at 9.)

Unfortunately, the parties' counsel do not agree on what actually happened at the meet-and-confer sessions in this case and what topics were actually discussed. Further, the documents submitted by both sides with respect to the Motion to Compel appear purposefully designed to obfuscate the facts in order to shift blame for these discovery disputes onto one another. As attorneys, counsel are trained to solve problems and to speak and write with clarity; thus, the Court continues to be disappointed by all counsel's unwillingness to exercise good judgment regarding discovery disputes. The Court has

**MEMORANDUM DECISION AND ORDER  7**

thus far been unable to determine why counsel for both sides continue to vie for the Gold Medal in Offensive Lawyering.

The Court now turns to the issues presented in the Motion to Compel, to the degree those issues are discernible from the parties' submissions.

B.   *The Site Visit Report*

Plaintiffs contend that the March 2010 Security Assessment, or Site Visit Report, is responsive to Plaintiffs' Request for Production No. 9, which sought "all documents and communications, including all CCA policy and procedure manuals for ICC in effect on May 5, 2012, governing security threat group management, inmate housing assignments, and prison staffing." (Dkt. 146-1 at 1.) Defendants argue, *inter alia*, that the Site Visit Report is not responsive to Request for Production No. 9 and that, in any event, it is protected by the attorney-client and work-product privileges. (Dkt. 151 at 3-6.) The Court need not address these issues because Plaintiffs' counsel did not meet and confer with defense counsel regarding the March 2010 Security Assessment prior to filing the Motion to Compel.

Plaintiffs' counsel points to two face-to-face conferences that took place between counsel on February 14, 2014 and April 2, 2014. Because Plaintiffs discovered the existence of the 2010 Security Assessment at the March 5, 2014 deposition of Mr. Myers, this document could not have been discussed at the February 14 conference. Plaintiffs' counsel did, however, bring up concerns about "documents relating to CCA's [security threat group] and staffing policies." (Dkt. 153-1 ¶ 4.)

**MEMORANDUM DECISION AND ORDER  8**

The Court concludes that this discussion, which took place nearly four months before the motion to compel was filed, is not sufficient to bring the Security Assessment within the scope of the February 14 conference. Plaintiffs' counsel does not dispute defense counsel's statement that Plaintiffs' counsel did not discuss the Security Assessment at the April 2 conference—other than to state cryptically that he "*followed up on problems* that were revealed during the deposition, particularly the 'Site Visit Report.'" (Dkt. 151-1 ¶ 8 (emphasis added).) Plaintiffs' counsel does not aver that he actually requested the Site Visit Report from defense counsel.

Once Plaintiffs' counsel learned of the existence of the March 2010 Security Assessment, they requested the document only in one letter and one email. (Dkt. 146-3 ¶¶ 4-5.) This does not constitute compliance with the Court's order regarding meet-and-confer sessions. (*See* Dkt. 112 at 9.) Therefore, Plaintiffs' Motion to Compel will be denied with respect to the Site Visit Report.

    **C.**    ***Compensation Plans Applicable to Myers and Conry in 2010, 2011, and 2012***

Plaintiffs' Request for Production No. 90 seeks "any and all compensation plans" for Myers and Conry. In contrast to the March 2010 Security Assessment, Plaintiffs' counsel *did* raise—during both the February 14 and the April 2 conferences—the issue of CCA's failure to produce those compensation plans. (Dkt. 146-3 ¶¶ 7-8; Dkt. 153-1 ¶ 7.)

The Court finds that the compensation plans are relevant for the same reason they are relevant for purposes of Plaintiffs' Rule 30(b)(6) deposition notice—they may lead to

**MEMORANDUM DECISION AND ORDER  9**

the discovery of admissible evidence regarding a motive to staff the prison at less than required levels. Therefore, the Motion to Compel will be granted with respect to the compensation plans described in Request for Production No. 90.

## CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part both (1) Defendants' Motion for a Protective Order and (2) Plaintiff's Second Motion to Compel.

The parties are reminded that the Protective Order governing discovery issued on August 6, 2013 (Dkt. 70) remains in effect.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion to Seal Affidavits (Dkt. 152) is GRANTED.

2. Defendant's Motion for Protective Order Re: Plaintiffs' Amended Notice of 30(b)(6) Deposition to CCA (Dkt. 141) is GRANTED IN PART and DENIED IN PART as set forth above.

3. Plaintiff's Second Motion to Compel (Dkt. 146) is GRANTED IN PART and DENIED IN PART as set forth above.

DATED: **September 2, 2014**

Honorable Edward J. Lodge
U. S. District Judge