UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>        Plaintiffs,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>        Defendant. | Case No. 1:12-cv-00559-EJL-CWD<br><br>**ORDER ON MOTIONS TO SEAL EXHIBITS**<br>**(Dkt. 170, 174)** |

# INTRODUCTION

Plaintiffs bring this civil rights action against Corrections Corporation of America, Inc. (CCA) alleging violations of their Eighth Amendment rights prohibiting the imposition of cruel and unusual punishment, and the corresponding duty of the prison to protect prisoners from violence at the hands of other prisoners. The lawsuit arises out of an inmate gang attack on Plaintiffs that occurred on May 5, 2012, at CCA's Idaho

ORDER - 1

Correctional Center.[1] Both parties have filed motions for summary judgment. Accompanying the parties' motions for summary judgment are two motions to seal filed by CCA, opposed by Plaintiffs. (Dkt. 170, 174.) The Court will consider the motions to seal separately from the dispositive and other related motions.[2]

## DISCUSSION

**1.    Legal Standard**

Court proceedings and records are generally open to the public. S*ee, e.g., Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978); *Assoc. Press v. U.S. Dist. Court for Cent. Dist. of California*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("We thus find that the public and press have a first amendment right of access to pretrial documents in general."). This right of access is "grounded in the First Amendment and in common law." *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (citing *Assoc. Press*, 705 F.2d at 1145). Such a general rule for access applies in civil cases. *See, e.g., Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979) ("As early as 1685, Sir John Hawles commented that open proceedings were necessary so 'that the truth may be discovered in civil as well as criminal matters,'" and noting that "in some civil cases the public interest in access, and the salutary effect of publicity, may be as strong as, or stronger than, in most criminal cases.").

The point of these open proceedings and records is, in part, that such matters "should take place under the public eye" because "it is of the highest moment that those

---

[1] The Court is familiar with CCA's policies at ICC due to its resolution of *Kelly v. Wengler*, No. 1:11-cv-185-S-EJL.
[2] The Court finds oral argument would not aid the Court in deciding CCA's motions to seal, and therefore issues its order based upon the briefs and record before it. Dist. Idaho L. Rule 7.1(d).

**ORDER - 2**

who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.). This interest goes beyond oversight of the judiciary: "The public has a right, and even a responsibility ... to monitor the activities and performance of their own government and use this information to implement change if needed." *Skinner v. Uphoff*, 2005 WL 4089333, at *3 (D. Wyo. Sept. 27, 2005).

To overcome the presumption that a matter should not be sealed, the party seeking to seal must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). A decision to seal records cannot be based on "hypothesis or conjecture" in place of the required compelling reasons. *Id*. at 1179 (citation omitted). Generally, compelling reasons "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (Internal quotation and citation omitted). The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1178.

With regard to non-litigants, while there is no presumption that their privacy requires sealing, the balancing test may reach that result, especially if the non-litigants are not involved in the litigation and their sensitive and confidential information has been involuntarily provided pursuant to subpoena. *See generally, In re Roman Catholic*

**ORDER - 3**

*Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (reversing decision to publically release personnel file of 85-year-old priest who had retired, but affirming decision to release allegations of child abuse against another priest, still active, due to strong public interest in disclosure).

**2.     Discussion**

In its first motion, CCA requests to seal Exhibits 1(Incident Surveillance Footage), 8 (Warden Job Description), 22C (IDOC SOP 504.02.01.002 – Security Threat Group Management), 22D (CCA Policy 10-103 – Special Management Inmates), 22E (CCA General Post Order CCA-PO-00), 22F (CCA Post Order PO-106, Housing Unit Correctional Officer – Close Custody (DEF)), 22G (CCA Post Order PO-100, Housing Unit Pod Control – Close Custody (DEF)), 22J (CCA Budgeted Staffing Pattern), 22K (May 5, 2012 Shift Roster), 22L (May 5, 2012 Logbook Entries), and 22M (Kronos Data), and to file Exhibits 14, 16, 17A, 17B, and 17C in redacted form. All of the aforementioned documents were submitted as attachments to CCA's Statement of Facts in Support of Motion for Summary Judgment. In its second motion, CCA requests to seal Exhibit 10 to CCA's Statement of Disputed Facts in Support of CCA's Response to Plaintiffs' Motion for Partial Summary Judgment or, in the alternative, to file it in redacted form.

Upon gleaning through the responses and replies, it appears CCA has agreed to redact Exhibits 22C, 22D, 22E, 22F, 22G, 22M, and has withdrawn its request to seal Exhibits 8, 22J, 22K, and 22L. CCA agreed also to redact Exhibit 10 pursuant to the compromise proposed in Plaintiffs' response brief. Plaintiffs took no position regarding

**ORDER - 4**

the proposed redacted Exhibits 14, 16, 17A, 17B, and 17C, and instead requested court review of the same. Therefore, the issues remaining are whether Exhibit 1 should remain sealed; whether the proposed redactions to Exhibits 22C, 22D, 22E, 22F, 22G, 22M are sufficient; and whether redacted Exhibits 14, 16, 17A, 17B, and 17C may remain redacted as proposed.

With regard to Exhibit 1, which is the video surveillance footage of the actual attack, Plaintiffs indicate the video was released to the public by the State of Idaho pursuant to a public records request, and is attached to the Amended Complaint[3] on file in this matter. Plaintiffs further claim the video was shown in the evening news and is available on the internet. Plaintiffs' claim is partially accurate, as near as the Court can tell. The video attached to the Amended Complaint, and which was attached to its prior iteration, is a "disc compilation comprised of two video <u>excerpts</u> and photographs." (emphasis added) Compl. Ex. D (Dkt. 1); Am. Compl. Ex. D (Dkt. 14). In other words, according to Plaintiffs' description, Exhibit D is not the complete video. CCA explains that Exhibit 1 is surveillance footage of F1 pod at the time of the May 5, 2012 incident, taken from a surveillance camera at ICC, now ISCC, with depictions of non-party inmates who still may be incarcerated at ISCC, and depictions of the angles and span of the cameras in DEF. CCA explains that publication of the video may pose a security risk to inmate and staff safety, especially because the same cameras that recorded the footage remain at ISCC.

---

[3] Plaintiffs refer to a Second Amended Complaint on file. However, there is only the initial complaint (Dkt. 1) and a First Amended Complaint (Dkt. 14). No other amended complaints have been filed.

**ORDER - 5**

Based upon the explanations of the parties, the Court is left to assume that Exhibit 1, at issue here, and Exhibit D to the complaint and amended complaint, are different and Exhibit 1 shows more than the excerpts released to Plaintiffs. Security reasons at the prison justify sealing the video, given the cameras still exist in their same locations at ISCC.

However, if the two videos are identical, and Exhibit 1 shows exactly the same footage as in Exhibit D to the complaint and amended complaint, CCA's motion to seal must be denied—the cat is already out of the bag.[4] If CCA fails to provide verification to the Court within seven (7) days of the Court's Order that Exhibit 1 and Exhibit D are <u>not</u> identical, then Exhibit 1 will be unsealed without further order of the Court.

With regard to Exhibits 22C, 22D, 22E, 22F, 22G, 22M, Plaintiffs main contention is that CCA no longer manages the Idaho Correctional Center prison in Idaho, and therefore, any request to seal or redact the information is unnecessary.

Exhibit 22C is IDOC's Standard Operating Procedure on Security Threat Group Management, not CCA's document. The document, maintained by IDOC, is "presumably applicable to many or all of IDOC facilities (including ISCC), and is not available to the general public." IDOC provided both CCA and Plaintiffs with a redacted copy of Exhibit 22C, and CCA proposes to submit the redacted copy for public filing. Given the SOP is used by IDOC, not CCA, the Court finds the security concerns compelling such that the proposed redacted copy may be filed. The Court has reviewed the redacted portions, and

---

[4] If the cat is indeed out of the bag, CCA's argument constitutes misrepresentation to this Court.

**ORDER - 6**

finds CCA's argument (as well as IDOC's redactions) appropriate given the prison context and the nature of the information redacted.

CCA explains Exhibits 22D, 22E, 22F, and 22G contain security sensitive material, and it still uses this information at other CCA managed facilities. All of the documents describe "security duties that are similar, if not the same as, the policies and post orders in effect at other CCA facilities that house special management inmates." Thus, although the polices are no longer in effect at ICC, they are in effect at other CCA facilities. The Court finds CCA's argument about security concerns that could arise at other facilities CCA manages if the sensitive information becomes public compelling. Further, the Court has reviewed the redacted portions in each exhibit, and finds CCA's concerns persuasive given the nature of the redacted information. The policies discuss specific procedures used by CCA personnel in a variety of situations, and should this information become public, the security risk at other CCA facilities is not trivial. CCA may file Exhibits 22D, 22E, 22F, and 22G in the redacted forms proposed.

With regard to Exhibit 22M, the Kronos Data, Plaintiffs argue the exhibit does not contain any information that Local Rule 5.5 requires to be redacted and is not confidential. CCA explains that Exhibit 22M contains the first names of non-party correctional employees, and that CCA does not make this information available to inmates for security reasons. CCA has proposed to redact the personal identifying information about the non-party correctional employees. The Court has reviewed the proposed redactions and finds the security reasons cited by CCA still applicable despite no longer managing the ICC facility. Security concerns do not end for the employees and

**ORDER - 7**

former employees of the prison simply because CCA is no longer managing the facility. Exhibit 22M may be filed in the redacted form proposed.

 Turning to Exhibit 10, Plaintiffs oppose sealing, but are not opposed to CCA redacting the first names and home addresses of ICC correctional personnel to preserve the safety and security of current and former ICC employees. It appears CCA agrees to this compromise, and requests to submit Exhibit 10 with the redactions suggested by Plaintiffs. The Court accordingly authorizes the redacted filing, finding the redactions comport with the legal standards applicable to non-litigants and that sensitive information which may jeopardize their safety is appropriately redacted.

 The Court has reviewed redacted Exhibits 14, 16, 17A, 17B, and 17C. Based upon the nature of the redactions, it appears personal identifiers of other non-party inmates have been redacted. Those redactions may remain. There is no strong public interest requiring the disclosure of information related to other inmates who are not part of this lawsuit.

ORDER - 8

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Seal (Dkt. 170) is **GRANTED IN PART AND DENIED IN PART** as explained herein.

2) Defendants have seven (7) days to provide the Court with verification that Exhibit 1 is <u>not</u> identical to the DVD attached as Exhibit D to the Complaint and Amended Complaint. Otherwise, Exhibit 1 will be unsealed without further Court order.

2) Defendant's Motion to Seal Exhibit 10 (Dkt. 174) is **DENIED**. Instead, the Court grants Defendant's request contained in its Reply (Dkt. 203), to submit Exhibit 10 in redacted form.

Dated: **June 29, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 9**