UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>　　　　　　　Defendant. | Case No. 1:12-cv-00559-EJL-CWD<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 157)** |

　　　　Plaintiffs bring this civil rights action against Corrections Corporation of America, Inc. (CCA) alleging violations of their Eighth Amendment rights prohibiting the imposition of cruel and unusual punishment, and the corresponding duty of the prison to protect prisoners from violence at the hands of other prisoners. The lawsuit arises out of an inmate gang attack on Plaintiffs that occurred on May 5, 2012, at CCA's Idaho Correctional Center.  Both parties have filed motions for summary judgment, submitted

**REPORT AND RECOMMENDATION  - 1**

copious amounts of briefing, and hundreds, if not thousands, of pages of documents supporting their respective positions.

The Court intends to take up both motions for summary judgment separately, and therefore issues its report only with respect to Plaintiffs' motion at this time.[1] Upon review of Plaintiffs' motion and memorandum, the Court recommends it be denied for failure to comply with Fed. R. Civ. P. 56 and Fed. R. Civ. P. 12. The Court will consider the materials filed in support of the motion, and the factual assertions of the parties, in conjunction with Defendant's Motion for Summary Judgment.

To explain, Plaintiffs' motion for partial summary judgment does not ask for judgment on their *Monell* claim at all. Rather, it asks the Court to declare certain facts "undisputed," but never asks the Court to decide liability in Plaintiffs' favor. Thus, they have not complied with Rule 56(a).

Fed. R. Civ. P. 56(a) allows a party to move for summary judgment or partial summary judgment (which means judgment on less than all claims asserted), and to identify each claim on which summary judgment is sought. The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact **and** the movant is entitled to judgment as a matter of law." (emphasis added).

Plaintiffs assert one claim for relief against CCA in their First Amended Complaint. (Dkt. 14.) It is a claim for violation of rights secured to Plaintiffs by the

---

[1] The Court finds oral argument would not aid the Court in deciding Plaintiffs' motion for partial summary judgment, and therefore issues its report and recommendation based upon the briefs and record before it. Dist. Idaho L. Rule 7.1(d).

**REPORT AND RECOMMENDATION  - 2**

Eighth and Fourteenth Amendment, and liability under the standards articulated in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, Plaintiffs must show that there is no genuine dispute as to whether CCA had a deliberately indifferent custom or policy that was the moving force behind a violation of Plaintiffs' constitutional rights. *Stover v. CCA*, No. 1:12–cv–00393–EJL, 2015 WL 874288 at *9 (D. Idaho Feb. 27, 2015) (citing *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110 (9th Cir. 2001); *Monell*, 436 U.S. at 690-94). For CCA to be liable under Section 1983, it "must have (1) had a policy that posed a substantial risk of serious harm to [Plaintiffs]; and (2) known that its policy posed this risk." *Id.*

The first part of Plaintiffs' motion requests partial summary judgment on the following:

1) CCA had a widespread custom and practice of clustering gangs in the DEF unit where Plaintiffs were housed instead of dispersing gangs throughout the DEF;

2) CCA had a practice of understaffing mandatory posts for a seven month period in 2012 based upon the finding in *Kelly v. Wengler*, No. 1:11-cv-00185-EJL, 979 S.Supp.2d 1237, 1242 (D. Idaho July 12, 2013) that "mandatory posts were not staffed for 4,778 hours during a seven [ ]-month period in 2012"; and

3) CCA's practice of understaffing mandatory posts at ICC amounted to a widespread practice and custom under *Monell*.

All of the above are facts Plaintiffs ask the Court to find are undisputed. Plaintiffs utterly fail to explain to the Court the second half of the equation—why those facts entitle Plaintiffs to judgment as a matter of law. In other words, even if the Court decides these

**REPORT AND RECOMMENDATION  - 3**

facts are material and undisputed, Plaintiffs have not reached step two because they have not explained to the Court why these undisputed facts entitle them to <u>judgment</u> on their <u>claim</u> under the Eighth Amendment. Plaintiffs have not addressed causation, which would lead to CCA's liability for damages, and judgment on the liability issue.[2] The Court cannot find for Plaintiffs based upon their motion.

However, these facts may well be undisputed and relevant in the Court's resolution of Defendant CCA's motion for summary judgment, which does reach the issue of causation. Based upon CCA's motion, a finding in favor of CCA would dispose of Plaintiffs' claim because negating causation would eliminate an essential element of Plaintiffs' prima facie case. Accordingly, to the extent the arguments and materials submitted in support of and in opposition to Plaintiffs' Motion for Partial Summary Judgment may be relevant to the Court's resolution of CCA's motion for summary judgment, the Court will consider them.

The second half of Plaintiffs' motion for partial summary judgment contains a series of individual paragraphs purporting to strike CCA's affirmative defense nos. 1-15 asserted in CCA's answer to Plaintiffs' first amended complaint. Various reasons are alleged for each motion to strike. For example, Plaintiffs contend certain affirmative defenses are not "affirmative," but are merely rebuttals against evidence presented by Plaintiffs; others involve undisclosed evidence; and still others involve defenses upon which this Court has purportedly ruled.

---

[2] Such a ruling would leave the issue of damages for trial.

**REPORT AND RECOMMENDATION  - 4**

The motions are not properly brought as part of Plaintiffs' motion for summary judgment. They are motions to strike. Federal courts, including this Court, generally disfavor motions to strike, s*ee, e.g., Abbot v. Fisher*, No. 1:11–cv–00571–BLW, 2012 WL 6680361 (D. Idaho Dec. 21, 2012) (and cases cited therein), because of the "limited importance of pleading in federal practice," *McBurney v. Lowe's Home Centers, LLC*, No. 1:13–cv–00540–ELJ–CWD, 2014 WL 2993087 *1 (D. Idaho July 2, 2014). And, the motions are untimely.

Fed. R. Civ. P. 12(f) allows a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter "on motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading." The pleading to which the fifteen motions to strike relate is CCA's answer to the amended complaint, filed on June 18, 2013. (Dkt. 57.) Plaintiffs' motions are therefore untimely filed, because they were filed more than 21 days after being served with the allegedly offensive pleading.

Furthermore, to the extent Plaintiffs wished to test the merits of CCA's affirmative defenses, a motion to strike is not the proper method. *McBurney*, 2014 WL 2993087 at *3. Plaintiffs were required to bring a motion for summary judgment, with all that it entails, and they did not. Rather, they request the Court to exclude defenses for

**REPORT AND RECOMMENDATION  - 5**

technicalities,[3] or for discovery transgressions,[4] or because the Court has ruled[5] on the issues.

Plaintiffs need not worry. The Court will issue a pretrial scheduling order, and will solicit motions in limine, trial briefs and jury instructions. In that manner, the Court will determine the facts, issues, and evidence to be presented at trial, provided this case reaches that stage. Plaintiffs' serial motions to strike contained within their motion for partial summary judgment are therefore an untimely and wasteful request for the Court's intervention. *See* Fed. R. Civ. P. 1. And, given discovery has long since concluded, the parties should be well aware of each other's claims and defenses in this case. The Court need not participate in Plaintiffs' invitation to engage in a pointless technical exercise at this juncture that complies with neither Rule 12(f) nor Rule 56.

---

[3] For example, Plaintiffs assert defense no. 1, which asserts failure to state a claim on which relief may be granted, should be stricken because it is not a proper affirmative defense. Similarly, Plaintiffs contend defense no. 3 is not an affirmative defense, but is merely a rebuttal against evidence to be presented by Plaintiffs. Plaintiffs raise the same arguments with respect to defense nos. 4, 8, 9, 10.

[4] For example, Plaintiffs assert defense nos. 7, 14, and 15 should be barred because CCA did not supplement its answers to Plaintiffs' interrogatories. Plaintiffs raise similar discovery objections with respect to defense nos. 6 and 8.

[5] For example, Plaintiffs assert the Court already ruled that Plaintiffs exhausted their administrative remedies, so defense no. 2 is improper. If so, the parties are already well aware of the issue and the Court's resolution of it.

**REPORT AND RECOMMENDATION  - 6**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      Plaintiffs' Motion for Partial Summary Judgment (Dkt. 157) be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **June 29, 2015**

Honorable Candy W. Dale
United States Magistrate Judge