Thomas J. Angstman
Anthony M. Shallat
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho  83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
tj@angstman.com
anthony@angstman.com
Angstman ISB:  5738
Shallat ISB:  9572

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT,<br><br>              Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>              Defendant. | Case No. 1:12-CV-559-DVB<br><br>PLAINTIFFS' EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 |

Plaintiffs, by and through their counsel of record, ANGSTMAN JOHNSON, submit their

objections to the exhibits proposed in (Dkt. 301) Defendant's Exhibit List as follows.

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 1
A◆J; Matter: 8591-003

## I.   INTRODUCTION

Pursuant to Local Rule 16.3, the Plaintiffs offer the following non-relevancy objections to Exhibits and Deposition Designations listed by CCA. The Plaintiffs have listed their objections in a format that will allow the Court to easily sustain or deny each of their objections by marking the appropriate box under each section, or in the Exhibit List Chart, below where specific objections to certain exhibits are listed.

The Plaintiffs request that the Court rule on the FBI Press Release CCA has listed as Exhibit 2277 prior to trial given its extraordinary potential to prejudice the Plaintiffs' case. The Plaintiffs reserve relevancy and authenticity objections for all documents and designations CCA has listed in its disclosures, but continues to work closely with counsel for CCA to identify exhibits that can be placed on a joint exhibit list.

## II.   LEGAL STANDARD

The Federal Rules of Evidence define hearsay as statements, oral or written assertions, or non-verbal conduct which a declarant has made outside of trial testimony that is offered in evidence to prove the truth of the matter asserted in the statement. *See* Fed. R. Ev. 801. The Federal Rules of Evidence do not allow hearsay evidence to be admitted in trial that does not fall within a permitted exception. *Id.* Documents not lawfully executed by a public notary are not self-authenticating. *See* Fed. R. Ev. 902(8). Evidence whose prejudicial effect outweighs its probative value should be excluded. *See* Fed. R. Ev. 403. This also includes exclusion of evidence that would cause confusion of the issues, mislead the jury, cause undue delay, waste time, or needlessly cumulative evidence. When the Court allows the admission of prejudicial evidence, it renders the trial fundamentally unfair, as a constitutional matter. *See*, e.g., *Kennedy v. Lockyer*, 379 F.3d 1041, 1062 (9th Cir. 2004).

### III.    SPECIFIC OBJECTIONS

**A. The admission of the FBI Press Release is extremely prejudicial, hearsay not within an exception, irrelevant and would cause a mistrial if it was allowed into evidence or discussed before the jury.**

In its Exhibit List filed with the Court, CCA lists as Exhibit 2277 "May 20, 2015 U.S. Department of Justice Press Release – 'FBI Concludes Lengthy Investigation of Corrections Corporation of America: Idaho U.S. Attorney's Office Declines Prosecution'". *See* Dkt. 301 at p. 18. Although the local rules do not require relevance objections at this time, the Plaintiffs respectfully request that the Court exclude this exhibit before voir dire, given that the potential of prejudice is so high that a mistrial would likely occur if the jury is even told about this exhibit. In Exhibit 2277, the U.S. Justice Department notifies the public that it will not be pursuing *criminal* charges against CCA for *corruption or fraud*. The first sentence of the press release immediately identifies that the FBI and US Attorney's office decision has nothing to do with civil rights violations or the attack on the Plaintiffs:

> After a 15-month investigation by the Federal Bureau of Investigation, the U.S. Attorney's Office for the District of Idaho announced today that it is declining prosecution under federal public corruption statutes and federal criminal fraud statutes of any actors in connection with the Corrections Corporation of America (CCA) falsifying staffing rosters and understaffing at the Idaho Correctional Center.

Defendant's     Exhibit     2277,     available     at     https://www.fbi.gov/contact-us/field-offices/saltlakecity/news/press-releases/fbi-concludes-lengthy-investigation-of-corrections-corporation-of-america.  Allowing the jury to consider this document or even hear about the FBI declining prosecution will no doubt severely prejudice the Plaintiffs' case given that the criminal and civil standards for liability are starkly different. The only purpose of CCA offering this document into evidence would be an attempt to prove that since they were *not prosecuted* criminally for public corruption or federal crimes, it should not face civil liability or punishment

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 3
A♦J; Matter: 8591-003

for a violation of the Plaintiffs' constitutional rights. This exhibit will no doubt cause confusion of the issues presented at trial and could mislead the jury to improperly conclude that CCA has already been exonerated from any issues presented at trial by the Department of Justice and the FBI. Mere mention of the FBI statement on CCA's conduct in front of the jury could encourage jury members to look online for the article, especially if it is not presented at trial.

Moreover, this simple press-release by the FBI is hearsay not within an exception. This press release will be offered by CCA to prove that the FBI declined to prosecute CCA, and likely will be offered to prove the truth of the statements U.S. Attorney Wendy Olson made in the press release. However, this press release cannot be allowed in to prove the truth of U.S. Attorney Olson's statements given that it does not comply with the business records exemption. *See* Fed. R. Ev. 803(6). CCA cannot skirt the hearsay requirements by offering statements from a press release without complying with all five elements of Federal Rule of Evidence 803(6). Here, CCA only identifies a press release with supporting documents that it has properly complied with the business records exemption or any other hearsay exception.

_____Sustained        _____ Denied

**B.  Certified judgments of Plaintiffs' convictions.**

Exhibits 2035, 2036, 2049, 2050, 2065, and 2066 list certified judgments of the Plaintiffs' convictions. The Plaintiffs have never received these documents in discovery, and therefore explicitly reserve disclosure, authenticity and relevancy objections to these certified judgments.

_____Sustained        _____ Denied

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 4
A◆J; Matter: 8591-003

### C.  Witness testimony by designation.

In CCA's witness disclosure, it lists Omar Castillon and Justin Peterson by designation. CCA may only play deposition videos by designation for non-parties if it proves that these individuals are unable to testify at trial. *See* Fed. R. Ev. 32(4). CCA has not established that these witnesses are unavailable, and thus cannot use recordings of their deposition testimony. Moreover, CCA has also listed a number of witness deposition testimony by designation that either the Plaintiffs or CCA has listed on its witness disclosures. These include: Steve Conry, Timothy Higgins, Norma Rodriguez, and John Hepburn.  As indicated by the Court during its January 25, 2017 status conference call, the Court prefers live testimony when a witness is available. CCA has not demonstrated why it cannot use live testimony on direct examination or cross examinations of these witnesses.

Presently, CCA has designated 495 pages of deposition testimony it has indicated it plans to use at trial.  Forcing Plaintiffs to make all evidentiary objections to depositions that CCA cannot use is burdensome and wasteful of the Plaintiffs' and the Court's limited pretrial resources. With the exception of Justin Peterson and Omar Castillon, the Plaintiffs and CCA have agreed to that CCA will disclose which witnesses will testify by deposition at least 48 hours in advance, and then allow the Plaintiffs time to raise objections with the specific witnesses' disclosed testimony before the time to submit the deposition to the jury (this should not apply to impeachment uses).

CCA should be required to give the Plaintiffs' 48 hours' notice to make objections as to the deposition testimony of Omar Castillon and Justin Peterson if they are truly unavailable. CCA should be required to use live testimony from available witnesses pursuant to Federal Rule

of Evidence 32(4) and pursuant to Federal Rule of Civil Procedure 1 in order to ensure the trial is cost effective and moves at a speedy pace.

_____Sustained          _____ Denied

### D. Specific document objections.

For the convenience of the Court, the Plaintiffs have created a chart outlying evidentiary objections to specific document CCA has listed in its exhibit disclosure list. That chart identifies each document where Plaintiffs present objections and the nature of these objections, by category. The Plaintiffs offer six main objections:

**1) Hearsay** – The Plaintiffs make hearsay objections to documents CCA has offered for the truth of the matter asserted which do not fall into any exception. The documents which the Plaintiffs have raised hearsay objections to contain non-authenticated statements from people or organizations. These include emails, reports, and other documents CCA has produced through discovery purporting to offer statements that do not comply with any hearsay exception. CCA may claim that these documents should be admitted through Federal Rules of Evidence 803(1), (2), (3), (5), or (6). However, for these exceptions to apply, CCA must affirmatively demonstrate that these emails, reports, and documents fall within the exception. CCA should not be allowed to have these hearsay documents admitted into evidence because they are hearsay not within an exception. Additionally, CCA attempts to admit many school and work records of the Plaintiffs. The Plaintiffs will object to the relevance of these documents at trial, but most of these records do not comply with Federal Rule of Evidence 803(6), given that they either contain no custodian of record affidavit, or the custodian of record affidavit is not notarized.

2) **Foundation** – Similarly, CCA seeks to introduce portions of emails and reports which only offer an excerpt of the content. These documents cannot be allowed into evidence to prove the truth of the matters asserted within them until CCA has laid proper foundation.

3) **Irrelevant juvenile records** – CCA seeks to introduce juvenile records of some of the Plaintiffs. Given that this is a civil trial and the Plaintiffs are not being criminally prosecuted, this evidence is barred under Federal Rule of Evidence 609.

4) **Late disclosures** – CCA produced a number of documents after the close of discovery in April of 2014. The Plaintiffs do not object to documents produced prior to their expert disclosure deadline, May 16, 2014, given that their experts had an opportunity to review these documents prior to submitting their report. However, documents submitted in June, July, August, and September of 2014 should be barred by late disclosure given that the Plaintiffs' experts did not have a chance to review these documents prior to their report or respective depositions. Moreover, the Plaintiffs did not have a chance to depose CCA's employees on the late disclosed documents. Thus, these late disclosures severely prejudiced the Plaintiffs' case and thus should be barred by the Court.

5) **Potentially inaccurate documents** – CCA offers a number of documents which rely on statistics taken by CCA employees between the *Kelly* settlement (September 20, 2011) and the *Kelly* contempt order (September 16, 2013). The Plaintiffs assert that these statistics and reports have no substantial guaranty of trustworthiness and are likely inaccurate given the ruling by Judge Carter in the *Kelly v. Wengler* contempt case, in which Judge Carter held: "Indeed, even in the weeks prior to the contempt hearings, mandatory posts were still going unfilled— *thus there remains persistent staffing pressure that is the backdrop to prison employees fabricating records*. The difference today is that CCA may finally be presenting an accurate

picture of its inability to fully staff its prison." *See* Case No. 1:11-cv-185-S-EJL, Dkt. 76.  The documents regarding violence statistics rely upon CCA adequately staffing the prison so that violent incidents are accurately counted. Judge Carter questioned whether there was even enough staff to properly count violent incidents. "For CCA staff to lie on so basic a point—whether an officer is actually at a post—leaves the Court with serious concerns about compliance in other respects, <u>such as whether every violent incident is reported</u>." *See Id.* at 20, <u>emphasis added</u>. For the foregoing reasons, CCA should establish the authenticity and reliability of the documents it wishes to use to support its arguments.

**6) Documents barred by stipulation** – CCA lists three types of documents barred by stipulation. First, CCA attempts to introduce documents of subsequent remedial measures it took after the May 5, 2012 attack. These documents are barred by the parties' stipulation entered on November 16, 2016 (Dkt. 266). Second, CCA attempts to introduce violence comparison statistics. These documents are barred by the parties' joint stipulation entered on November 16, 2016 (Dkt. 266). Finally, CCA seeks to introduce evidence of other inmates' assaults besides the May 5, 2012 attack and the June 22, 2011 attack.  This evidence is barred by the Court's motion in limine ruling on January 26, 2017 (Dkt. 306).

| Defendant's Exhibit #(s) | Description | Objection(s) | Reason | Sustained | Denied |
|---|---|---|---|---|---|
| 2001, 2015, 2027, 2037, 2052, 2068 | Central files maintained on Plaintiffs | Foundation. Hearsay, not within an exception. | No foundation has been laid to prove authenticity. These files do not comply with the Business records exception because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). The Plaintiffs do not raise hearsay objections to the properly notarized public | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | records on each respective Plaintiff, but reserve their rights to raise relevance objections at trial. | | |
| 2003, 2006, 2017, 2029, 2031, 2040, 2041, 2042, 2054, 2055, 2057, 2070, 2071, 2073, | Disciplinary files, STG files on Plaintiffs | Foundation. Hearsay not within an exception; Relevancy-prejudicial value outweighs probative effect | No foundation has been laid to prove authenticity. These files do not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). Additionally, these files contain photos of the Plaintiffs' tattoos that offer little to no probative value on the actual triable issues in this proceeding. | | |
| 2007, 2009, 2010, 2011, 2012, 2021 2026, 2032, 2043, 244, 2245, 2246, 2047, 2059, 2060, 2061, 2061, 2-62 2063 2074, 2075, 2076, 2077, 2078, 2079, 2082 | Education and employment records on Plaintiffs | Hearsay not within an exception; Relevancy-prejudicial value outweighs probative effect | Portions of these exhibits do not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files (bates numbers (Sequel records, Walmart records, Tucson School District, Clearwater County Mental Health Court, Eurotech Cabinets, Port of Hope, Valley School District, Twin Falls School District, Boise State, Stinker Station, Labor Ready Northwest and Herrett's Stock. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). The Plaintiffs do not raise hearsay objections to the properly notarized records on each respective Plaintiff, but reserve their rights to raise | | |

| | | | relevance objections at trial. | | |
|---|---|---|---|---|---|
| 2008, | Juvenile criminal records on Plaintiffs | Irrelevant; barred by Rule 609(d). | Files contain juvenile convictions. No exception applies given that this is a civil case. | | |
| 2058 | Incident report on contraband for Plaintiff Dusty Knight | Foundation. Hearsay, not within an exception. Late disclosure. Produced on 8/16/2014, after the close of discovery. | This document does not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). Should be excluded from evidence given that CCA did not produce it until more than three months after discovery was closed. No foundation has been laid to prove authenticity. | | |
| 2166 | 12/14/2012; Security threat group summary | Hearsay; No foundation; subsequent remedial measure. | No foundation laid to prove authenticity; inaccurate or unreliable method of creating data: Judge Carter in Kelly v. Wengler September 2013 order held: "Indeed, even in the weeks prior to the contempt hearings, mandatory posts were still going unfilled—***thus there remains persistent staffing pressure that is the backdrop to prison employees fabricating records***. The difference today is that CCA may finally be presenting an accurate picture of its inability to fully staff its prison." Thus CCA cannot rely on the accuracy of these records without laying proper foundation. | | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 10

| | | | | | |
|---|---|---|---|---|---|
| | | | Also, this document is hearsay not within an exception. Moreover, this document can be considered evidence of a subsequent remedial measure after the May 5, 2012 incident measure in violation of the parties' joint stipulation (Dkt. 266.) | | |
| 2168, 2169, 2170, 2171, 2228, 2230 | Staffing and time records on May 4 and May 5 | Foundation; potentially inaccurate; hearsay | CCA must first lay foundation that these documents are correct and accurate. Judge Carter's comments regarding the accuracy of prison records creates a presumption that these records were not accurate and have the potential to be fabricated. CCA must lay proper foundation before admitting these into evidence. Moreover, given these inconsistencies, these documents are hearsay not within an exception and CCA must call a witness to authenticate these documents prior to introduction into evidence. | | |
| 2175 | Daily Staffing reports - 2013 | Hearsay; No foundation; outside scope of discover; subsequent remedial measure; potentially inaccurate; violation of stipulation | These 2013 staffing reports are outside the scope of discovery agreed upon by the parties since it was created after May 5, 2012. Additionally it has the presumption of inaccuracy given Judge Carter's comments in the Kelly v. Wengler Decision. CCA must lay proper foundation before admitting these into evidence. Moreover, given | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | these inconsistencies, these documents are hearsay not within an exception and CCA must call a witness to authenticate these documents prior to introduction into evidence but CCA sought and obtained a stipulation that the only person who could authenticate these records, Tad Leach, will not be called to testify, on Nov. 16, 2016. | | |
| 2176 | ICC briefing email | Hearsay; foundation; potentially inaccurate | This document is simply an email with no mentioned author purporting to claim a reduction incidents in 2011. It does not show the basis for underlying data, does not meet an exception under hearsay, and likely is inaccurate given that it's analyzing instances pre-Kelly decision. Moreover, given these inconsistencies, this is hearsay not within an exception and CCA must call a witness to authenticate these documents prior to introduction into evidence. | | |
| 2179, 2183, 2185, 2190, 2196, 2199, 2200, 2201, 2202, 2211, 2212, 2213, 2229, 2248 | Emails from Warden Wengler, Kevin Myers, and Shane Jepsen | Hearsay; foundation | CCA cannot introduce these emails into evidence without laying proper foundation and examining a witness who sent or received these emails. These emails currently constitute, hearsay not within an exception-CCA has not complied with the business records exception. Not properly authenticated emails. CCA must lay foundation that Warden Wengler, Kevin Myers, or | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | Shane Jepsen sent these emails. Also foundation cannot be properly laid for these emails given that these documents do not show the entire email thread.  CCA must show full conversation of each email before claiming proper foundation has been laid, because a snippet or portion of the text taken out of context may change the content of the meaning of the email. | | |
| 2210 | Email from Jepsen "Friday Call" | Hearsay; foundation; barred by stipulation | This email also suffers from the foundational and hearsay problems mentioned in the row above. Moreover, it specifically references a fight between inmates on 1/12/2012. The introduction of this email is barred by the Court's Motion in Limine ruling (Dkt. 306) in which the Court granted Defendant's motion in limine No. 8 to preclude evidence of Dissimilar Inmate-on-Inmate assaults with the expectation of the June 22, 2011 assault. | | |
| 2203 | Email from Warden Wengler. regarding request to modify budgeted staffing plan | Foundation. | The Plaintiffs need to see the full email conversation/thread to properly evaluate admissibility. Without full thread, proper foundation has not been laid. | | |
| 2214, 2215, 2216, 2217, 2218, 2219, 2222, 2231, 2246, 2255, 2256, 2265, 2265 | Emails after attack | Hearsay; foundation; barred by stipulation | These email and letters and documents also suffers from foundational and hearsay problems mentioned in previous emails. Also, the | | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 13
A♦J; Matter: 8591-003

| | | | | | |
|---|---|---|---|---|---|
| | | | date of the documents is after the attack and thereby bared by the joint stipulation of the parties barring any subsequent remedial measures. (Dkt. 266). | | |
| 2220, 2233 | Excerpts from September 2012 Board Report presentation, partial copies of email strings. | Hearsay; foundation. | These email also suffers from foundational and hearsay problems mentioned in previous emails. Moreover, CCA only offers "excerpts." CCA must provide the full email string to lay proper foundation. | | |
| 2223 | Presentation to CCA Chiefs | Hearsay; foundation. | This document does not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). Should be excluded from evidence given that CCA did not produce it until more than three months after discovery was closed. No foundation has been laid to prove authenticity. | | |
| 2225, 2275 | IDOC's response to subpoena | Barred by joint stipulation | This exhibit contains violence statistics and other metrics comparing ICC to other facilities. Any comparison to other facilities is barred by the joint stipulation entered into by the parties. Dkt. 266. | | |
| 2226 | ACA Accreditation exhibits | Hearsay; foundation | These documents alleging that ICC was an ACA accredited prison are hearsay not within an exception. This | | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 14
A◆J; Matter: 8591-003

| | | | | | |
|---|---|---|---|---|---|
| | | | document does not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8).  Should be excluded from evidence given that CCA did not produce it until more than three months after discovery was closed. No foundation has been laid to prove authenticity. | | |
| 2232 | Relief factor calculation worksheet | Not disclosed | The plaintiffs never relieved a copy of this document. | | |
| 2261 | Problem Solving Notice, Garth Carrick | Disclosed after Discovery cut-off. | This document was disclosed in late July of 2014, almost three months after the discovery cut off. | | |
| 2245 | Budgeted staffing plan 2014 | Barred by stipulation | This document was revised on 12/17/13 and therefore is barred by the parties' joint stipulation to exclude subsequent remedial measures. | | |
| 2227, 2266, 2067, 2068, 2069, 2070, 2071, 2072, 20273, 2274 | Contract Monitor Tad Leach Report | Hearsay; foundation; subsequent remedial measures barred by stipulation; late disclosure. | CCA seeks to introduce contract monitor reports by Tad Leach. These documents are hearsay not within an exception. This document does not comply with the Business records exception, or any other hearsay exception, because no properly notarized custodian of records affidavit is contained within these files. Fed. R. Ev. 803(6); Fed. R. Ev. 902(8). It should also be | | |

PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 – PAGE 15
A◆J; Matter: 8591-003

| | | | excluded from evidence given that CCA did not produce it until more than four months after discovery was closed (August and September of 2014). No foundation has been laid to prove authenticity. This document also does not disclose the methods its uses to ensure accuracy of its conclusions. Judge Carter's comments regarding the accuracy of prison records creates a presumption that these records were not accurate and have the potential to be fabricated. Also, this document seeks to introduce subsequent remedial measures barred by the parties' joint stipulation. | | |
|---|---|---|---|---|---|

## CONCLUSION

For the reasons mentioned in this brief, the Plaintiffs request the Court sustain the Plaintiffs' objections to the exhibits and designations listed above, and order CCA to provide advance notice of 48 hours before using any of the 495 pages of deposition wherein Plaintiffs can submit specific objections to the content of such deposition testimony.

DATED this 30th day of January, 2017.

_____/s/_____
ANTHONY M. SHALLAT
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January, 2017, I filed the foregoing PLAINTIFF'S EVIDENTIARY OBJECTIONS UNDER LOCAL RULE 16.3 electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Kirtlan G. Naylor | kirt@naylorhales.com |
| Daniel P. Struck | DStruck@swlfirm.com |
| Nikki Smith | nikkismithlaw@gmail.com |
| Jacob H. Naylor | jake@naylorhales.com |

Any others as listed on the Court's ECF Notice.

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

None

/s/
Anthony M. Shallat